### CHARLES E. PAIGE *vs.* JOHN G. SMITH & others.

Receivers running a railroad under appointment of a court of chancery in another state, who act as common carriers and are there held liable as such to actions at law, may be sued as common carriers in this Commonwealth.

CONTRACT for the value of fifty-five bales of hay. In the superior court facts were agreed in substance as follows : " The defendants were originally trustees of the Vermont Central Railroad, under the first mortgage bonds ; and they were, prior to the year 1861, operating the Vermont Central Railroad under a possession taken under said bonds, and the Vermont and Canada Railroad under a lease, or supposed lease. A controversy arose between the Vermont and Canada, and the Vermont Central Railroad Companies, as to which of them should have a right to operate the road ; a bill in equity was filed in the court of chancery in the state of Vermont ; and during the pendency of said bill receivers were appointed by the court to operate said roads, and, at the time of the occurrence of the matters in controversy in this suit, the defendants were operating both of said roads, under the decree." " Prior to February 20, 1864, the plaintiff made a contract with the defendants, acting as receivers aforesaid, through their agent, for the transportation of hay, over said roads and other roads, to Boston ; the terms of which contract are in dispute, and are to be shown by the plaintiff, and the defendants may also offer evidence in relation thereto. Under said contract the defendants furnished a platform car for the transportion of hay," ' and Reynoulds, Soule & Co., on February

20, 1864, having sold hay to the plaintiff, shipped on said car on the Vermont and Canada Railroad, for the plaintiff, fifty-five bales of the plaintiff's hay," of a value which was agreed. " Said car with said hay was, within one or two days afterwards, on its passage to Boston, and, while on the Vermont and Canada Railroad, operated by the defendants as receivers as aforesaid, burned and destroyed by fire. Either party being at liberty to prove any facts tending to show negligence or care in regard to the loss of said hay."

At the trial, before *Wilkinson*, J., before the plaintiff called any witnesses, the judge, at the defendants' request, ruled that on the agreed facts the plaintiff could not recover, and directed a verdict for the defendants. The plaintiff alleged exceptions.

*T. S. Harlow*, for the plaintiff.

*A. A. Ranney & J. F. Colby*, for the defendants.

FOSTER, J. The supreme court of Vermont, in an action against these defendants, held that, " if in fact they were common carriers over a line of railroad, it could be no defence to an action at law for a breach of duty or obligation arising out of business entrusted to them in that relation, that they were running and managing the line of railroad as receivers under the appointment of the court of chancery." *Blumenthal* v. *Brainerd*, 38 Verm. 408.

It is impossible for the courts of this Commonwealth to accord to these defendants an exemption from the ordinary common law liabilities of common carriers, more extensive than they are allowed in the state in which they were appointed receivers, and in which the accident occurred. Under these circumstances, the ordinary rule for which the defendants contend, that receivers are amenable solely to the court by which they are appointed, is inapplicable. *Exceptions sustained.*