## CAMP v. BARNEY.

*Receiver — when personal action does not lie against. Amendment — of judgment record.*

An action does not lie against the receiver of a railroad corporation appointed by the court and carrying on the business of such corporation, for injuries to a passenger upon such railroad, caused by the negligence of the employees of such receiver.

But where a judgment was obtained against the receiver personally for injuries caused by such negligence, *held*, that the record might be amended so as to render the judgment one against the receiver as such.

MOTION by defendant for a new trial, on exceptions taken at the circuit and ordered to be heard at the general term in the first instance, after a verdict for plaintiff.

The action was brought by Caroline W. Camp against Ashbel H. Barney to recover for personal injuries received by the plaintiff, while she was being transported from the town of Brocton, in this State, to the town of Corry, in the State of Pennsylvania, upon a railroad between said places operated by the defendant. The plaintiff recovered a verdict at the circuit of $1,250. The defendant was operating and managing said railroad as a special receiver in bankruptcy, duly appointed by the District Court of the United States for the northern district of New York, of the Buffalo, Corry and Pittsburgh Railroad.

*Sprague, Gorham & Bacon,* for plaintiff.

*Sherman S. Rogers,* for defendant. ·

Present — MULLIN, P. J., E. DARWIN SMITH and MORGAN, JJ.

E. DARWIN SMITH, J. By the order appointing the defendant receiver he was vested with all and singular the estate, franchises, property and effects of · every nature and description belonging to the Buffalo, Corry and Pittsburgh Railroad Company, and he was authorized to employ such assistants, operatives, mechanics, laborers and firemen as he might deem necessary; to purchase supplies; to borrow or hire such rolling stock, and to make such running

arrangements with connecting lines as he should deem necessary; and to operate the railroad of said company from Brocton to Corry; and that he have all the usual powers of receivers in like cases, as provided by the rules and practice of said court. At the close of the evidence in the case the counsel for the defendant requested the court to decide that, inasmuch as the defendant was operating said railroad as receiver only, and in pursuance to the order aforesaid, he could not be made personally liable in this action for the injuries received by the plaintiff. The court refused so to decide, and the counsel duly excepted. The court then charged the jury that the defendant should be held in this action to the ordinary liability of a common carrier of passengers by railroad, and also that the defendant was to be treated in this action as if the defendant at the time of the injury had been carrying on said railroad for his own personal benefit and advantage. To both these propositions the defendant's counsel duly excepted. These exceptions all present substantially the single point whether the defendant, being in fact a receiver of said railroad, can be held personally liable to the plaintiff for the injury for which this action was brought. No reasonable doubt, I think, can exist that, if the action had been brought against the defendant as receiver, by leave of the court appointing the defendant such receiver, the action could be maintained. This point was distinctly decided by the Supreme Court of Ohio, in the case of *Meara's Adm'r* v. *Holbrock*, 20 Ohio St. 137. It was there held that the receivers were the governing power operating said railroad, and the only persons having authority to employ, direct, control and dismiss the various agents employed by them to operate said railroad, and that the various employees of the said receivers were their servants and agents, and they were responsible for injuries resulting from their negligence in the discharge of their duties assigned to them respectively. The ruling at the circuit was doubtless made upon the ground, that the defendant, being thus the acting, directing and governing power in operating said railroad, and the only tangible principal known to the public, the plaintiff had a right to hold him responsible for the discharge of the duty of a common carrier in respect to her, as assumed when he received her money in payment for her safe transportation over said railroad; that the contract was formally and nominally with him personally. This view of the defendant's liability is held in several cases in the Supreme Court of Vermont. In the case of *Blumenthal* v. *Brainerd*, 38

Vt. 407, the defendants were operating the Vermont Central and Vermont and Canada Railroads as receivers, under the appointment of the Court of Chancery of that State, and claimed, as the defendant does in this case, that they were only liable to account as officers of that court. The court held that the mere fact that the defendants were acting as receivers under the appointment of the Court of Chancery could not be recognized as a defense to a suit at law, for a breach of any duty or obligation which was assumed by them while acting as such receivers, and referred to the case of *Sprague* v. *Smith*, 29 Vt. 421, where it was held that trustees, operating a railroad and exercising its franchises, were responsible for the negligence of the operatives under their control. The same doctrine in respect to trustees operating a railroad was held in *Rogers* v. *Wheeler*, 43 N. Y. 602; S. C., 2 Lans. 486; *Ballou* v. *Farnum*, 9 Allen, 47, and in *Lamphear* v. *Buckingham*, 33 Con. 237. Executors and administrators also are personally liable upon all contracts made by them after the death of the testator. *Ferrin* v. *Myrick*, 41 N. Y. 315. Receivers stand in the same general position with other trustees having an independent power of control of the affairs of business, and are primarily responsible for their affirmative acts and neglects and contracts, and for the negligence of those in their employ. The only exception in favor of receivers, or distinction between them and other trustees, is that they are officers of the court appointing them, and are under its control and protection. But this protection is only accorded to them on their own application, and is granted or refused by the court appointing them in its discretion, depending upon the circumstances of each case, as held in the case of *Blumenthal* v. *Brainerd*, *supra;* Story's Eq. Juris., § 833; *Parker* v. *Browning*, 8 Paige, 388; *Angel* v. *Smith*, 9 Ves. 336.

The case of *Morse* v. *Brainard*, 41 Vt. 551, illustrates and confirms this view. In that case an action at law was commenced against the defendants, who were in fact receivers, for the loss and damage sustained by injury to a car-load of cattle transported over the road in charge of the said defendants as such receivers. That action was restrained by injunction of the Court of Chancery, and the cause of action was brought into that court and disposed of by a reference to a master. This was upon the assumption that it was no defense at law that the defendants were officers appointed by and acting under the authority of the Court of Chancery. If the receiver

in such case seeks the protection of the court by which he was appointed, he must in proper form invoke such protection by injunction, and it follows, I think, in such case that, if the receiver does not ask for such protection from the proper court, the action may proceed against him at law, and he must be deemed to have waived, if need be, such ground of objection to the action, or to have voluntarily elected to defend the action at law, to the same effect as if leave had been given by the proper court to the institution of such suit at law. The Supreme Court of Massachusetts recognizes this principle in *Paige* v. *Smith*, 99 Mass. 395, and held, as the defendants were liable to be sued at law in Vermont, they must be held so liable in that State.

The action in this case was a proper one to be tried at law, and if application had been made to the United States District Court to restrain the action, I should think that court might very properly have refused such order and allowed the cause to proceed to trial and judgment at law, and have directed the receiver to defend the same and abide by the decision of the court; and if it were of any practical consequence, I do not see why the record might not now be amended and the judgment be entered and affirmed as against the receiver, in form to the same effect as if he had in fact been sued as receiver.

MORGAN, J., thought that the action could not be maintained against the defendant personally, but concurred in the opinion that the records and proceedings might be amended so as to make the judgment against the defendant *as receiver* and in that shape affirmed.

MULLIN, P. J. A receiver is personally liable to persons sustaining loss or injury by or through his own neglect or misconduct. For the neglect or misconduct of those employed by him, in the performance of the duties of his office, he is not personally liable. The action in such a case must be brought against him *as receiver*, and the judgment, if a recovery is had in the action, must be made payable out of the fund in his hands as receiver. Divesting the owner of his property and vesting the title and possession of it in another is the exercise of sovereign authority, whether it is exercised by the legislature itself or by the courts of equity or of law or other agent, and the receiver, when appointed, is the same agent of the power appointing him, and like all public agents is not personally

liable for acts done in the legitimate business of the agency. The judgment in this case is, in my opinion, erroneous, and should be reversed. But as it is within the power of the court to allow the proceedings to be amended so as to make the suit a suit against defendant as receiver, and the judgment payable out of the fund in the hands of the receiver, instead of by him personally, I am in favor of allowing the amendment, and as amended the judgment should be affirmed.

*Ordered accordingly.*