ALLEN v. THE CENTRAL RAILROAD COMPANY.

1. **Jurisdiction:** RECEIVER: ACTION. It is not essential to the jurisdiction of a court of law in an action for damages against a defendant corporation which is in the hands of a receiver, that leave to prosecute should first be obtained of the court appointing the receiver.

2. **Evidence:** ORDER OF COURT: RECEIVER. An order of court appointing a receiver of the defendant is admissible where the fact of the appointment is put in issue by the pleadings.

*Appeal from Mahaska District Court.*

THURSDAY, APRIL 6.

THE petition in substance alleges that defendant is, and for more than a year past has been, a corporation duly organized, owning and operating the Central Railroad of Iowa from Albia in Monroe county to Mason City in Cerro Gordo county, and that Eddyville, Given Station and Oskaloosa, are stations north of Albia on said road.

That on the 18th day of January, 1875, the plaintiff purchased of the ticket agent of defendant at Albia, a ticket from Albia to Oskaloosa, and paid therefor the sum of eighty-three cents, being the usual and lawful and full fare of such journey, and all that defendant demanded.

That plaintiff entered upon the passenger car of defendant, and the train proceeded on the journey, and the conductor of the train, the agent of the defendant, took up plaintiff's ticket between Albia and Eddyville.

That after the train passed Eddyville the conductor demanded of plaintiff the fare from Eddyville to Oskaloosa, and, upon his refusal to pay the same, willfully and maliciously ejected him from the car. Plaintiff asks judgment for $2,000.

The answer denies all the allegations of the petition, and alleges that, on the 7th day of January, 1875, at the suit of the Farmer's Loan and Trust Company, D. W. Pickering by the judge of the Circuit Court of the United States for Iowa was appointed receiver of defendant, with full powers apper-

taining thereto, subject to the further order of said court or the judge thereof, and it was ordered that said receiver should take full charge of all the property, income, profits, earnings and receipts of defendant, and that he pay no debts or expenses of any kind without special order, except such as shall come within the category of operating expenses.

That Pickering accepted the appointment, and entered upon the discharge of the duties imposed thereby, and since January 7, 1875, has operated defendant's road as receiver, and was so operating it at the time of the transaction in the petition.

The plaintiff demurred to the affirmative allegations of the answer, and the demurrer was overruled. Thereupon the plaintiff filed a reply, denying every allegation of the answer.

There was a jury trial, and a verdict and judgment for defendant. The plaintiff appeals.

The material facts appear in the opinion.

*Williams & McMillen,* for appellant.

A receiver has no powers except those conferred upon him by the order of appointment. (*Grant v. The City of Davenport,* 18 Iowa, 179.) A judgment against a receiver, as such, must be satisfied out of the property of the company in his possession as such. (*Camp v. Barney,* 111 N. Y., 373.) Railroad companies have been held liable for injuries occurring where the roads are operated by receivers. (*R. R. v. Brown,* 17 Wal., 446; *O. & M. R. R. v. Fitch,* 20 Ind., 498.) Leave is not necessary to institute an action at law for a tort. (*Kinney v. Crocker,* 18 Wis., 80; *Camp v. Barney, supra; Hills v. Parker,* 111 Mass., 508; *Paige v. Smith,* 99 Mass., 396.) The jury may award damages, in their discretion, for the ill treatment to which plaintiff was subjected in being ejected from the cars. (*D. W. Lauren v. St. P. & P. R.,* 15 Minn., 49.) A passenger who has been wrongfully ejected can recover for the injury to his feelings and degradation. (*B. & O. R. v. Blocker,* 27 Md., 277.)

*Seevers & Cutts,* for appellee.

The presumption will not be entertained that a receiver, after his appointment, has accepted the same, filed his bond and is operating the road. (*Tomlinson v. Ward,* 2 Conn., 396.) A receiver is a mere custodian and has no powers except those conferred upon him by the order of appointment. (Kerr on Receivers, 182; *Yeager v. Wallace,* 44 Pa. St., 296; *Verplanck v. Mercantile Ins. Co.,* 2 Paige Ch., 453; *Hooper v. Winston,* 24 Ill., 363; *Grant v. Davenport,* 18 Iowa, 194.) The officers of the road are not divested of the operation of the same by the appointment of a receiver. (Kerr on Receivers, 257.) The receiver has no interest in the controversy and is not a necessary party to a complete determination or settlement of the controversy. (Code, § 2547.) The conductor in the employ of the receiver is the conductor of the company. (*Louisville, N. A. & C. R. v. Canble,* 46 Ind., 277.)

DAY, J.—The bill of exceptions recites that plaintiff introduced evidence tending to prove all the allegations of his petition.

The petition alleges that, at the time of the transaction complained of defendant owned and was operating the Central Railroad of Iowa from Albia to Mason City; that plaintiff purchased from the ticket agent of defendant a ticket from Albia to Oskaloosa, and paid the lawful and full fare therefor; that the conductor of the train and agent of defendant took up plaintiff's ticket between Albia and Eddyville, and that after the train passed Eddyville the conductor demanded of plaintiff the fare from Eddyville to Oskaloosa, and, upon his refusing to pay the same willfully and maliciously ejected him from the car.

The appointment of the receiver introduced in evidence is dated January 7, 1875, and orders the receiver within fifteen days to give bond in the sum of $50,000; and that he "take full charge of all the property, income, profits, earnings and receipts of said Central Railroad Company of Iowa, and that the said receiver pay out of the income, receipts and earnings

of the road no debts or expenses of any kind, without special order, of which plaintiff shall have notice, except such as shall become due, belong to and come within the category and character of operating expenses of the said road, and that no operating expenses made prior to the first day of December last, shall in any event be paid, except by such special order."

The bill of exceptions states that the order appointing the receiver contains all the evidence introduced in regard to the matter referred to in the fifth instruction given by the court. This instruction is as follows: "The foregoing instructions are given upon the theory that plaintiff is entitled to maintain this action, but if you find that at and before the commission of the alleged injury, by a decretal order of the United States Circuit Court, the defendant corporation passed into the hands of a receiver, and that in said order, amongst other things, it was decreed: 'That said receiver take full charge of all the property, income, profits, earnings and receipts of said Central Railroad Company of Iowa, and that the said receiver pay out of the income, receipts and earnings of the road no debts or expenses of any kind without special order,   *   *   *. except such as shall become due, belong to and come within the category and character of operating expenses of said road;' and you further find that no leave has been asked and given to prosecute this case as against defendant to and by the said United States Circuit Court, then you will find for defendant; but if such leave has been given, or no such order and decree has been entered and made, and no such proceedings had, then you will not consider this branch of the case." The plaintiff excepted to this instruction, and he assigns the giving of it as error.

Counsel upon both sides have elaborately discussed the question whether or not a railroad company can be made liable for damages resulting from the improper management of the road whilst in the hands of a receiver. As we understand the record, it does not fairly embrace this question. The receiver was appointed on the 7th day of January, 1875, and he was allowed fifteen days within which to give bond. The transaction of which plaintiff complains occurred on the 18th

day of January, 1875. There is no proof that the receiver at that time had assumed control of the road. Upon the contrary, the plaintiff introduced testimony tending to show that defendant was operating the road, and that the servant and agent of defendant ejected plaintiff from the cars. The court did not, in the instruction under consideration, nor in any other instruction, direct the jury that defendant was not liable for wrongs done whilst its road was in the hands of a receiver. The instruction under consideration impliedly recognizes this liability, but directs that the action cannot be prosecuted against defendant unless leave has been given to do so by the court appointing the receiver. Whether or not this permission is necessary is the only question which the plaintiff's exception to this instruction presents for our consideration.

In *Kinney v. Crocker, Receiver,* 18 Wisconsin, 74, which was an action to recover of defendant, who was in possession of and operating a railroad as receiver under the orders of the United States District Court, for injuries occasioned to plaintiff by the alleged negligence of the agents and servants of defendant in operating a train of cars, it was held that the court below properly refused to instruct the jury that, unless the plaintiff had leave from the United States District Court to bring the suit, he could not recover. In this case, whilst it was admitted "that a court of equity will, on a proper application, protect its own receiver when the possession which he holds under the authority of the court is sought to be disturbed," and that a plaintiff "desiring to prosecute a legal claim for damages against a receiver might, in order to relieve himself from the liability to have his proceedings arrested by an exercise of this equitable jurisdiction, very properly obtain leave to prosecute," yet it was held that "his failure to do so is no bar to the jurisdiction of the court of law, and no defense to an otherwise legal action on the trial." And the court say, "there can be no room to question this conclusion in all cases where there is no attempt to interfere with the actual possession of property which the receiver holds under the order of the court of chancery, but only an attempt to obtain a judgment at law on a claim for damages." This case, in

our opinion, announces the correct doctrine. See, also, *Paige v. Smith*, 99 Mass., 395; *Hill v. Parker*, 111 Mass., 508; *Camp v. Barney*, 11 New York, 373. In all of these cases the action was brought against the receiver, but if in such case it is not necessary to obtain authority to commence an action from the court appointing the receiver, *a fortiori* is it not necessary to obtain such authority when the action is against the railroad company itself?

II. The plaintiff objected to the introduction in evidence of a certified copy of the order of court appointing a receiver

2. EVIDENCE: order of court: receiver.

of defendant, upon the ground that "it is immaterial to the issues in the case." The objection was overruled, and this action of the court is assigned as error. The objection was properly overruled. The answer alleges that a receiver was appointed and the replication denies it, thus tendering a distinct issue upon that question.

III. It is claimed that the court erred in instructing the jury that plaintiff could not recover exemplary damages for the willful acts of defendant's employes. This question was elaborately considered in the case of *McKinley v. The Chicago & Northwestern Railway Co.*, which case is now pending before us upon a petition for rehearing. We, therefore, forbear any consideration of it at present.

The foregoing discussion disposes of all the questions embraced in the record which it seems proper to determine at the present. For the error of the court in the instruction above considered, the judgment is

REVERSED.