THOMAS KAIN, APPELLANT, v. JOHN G. SMITH, RESPONDENT.

*Receiver of railroad — lease of another road by — liability of, to employes, for negligence — official not personal.*

Prior to the 24th of February, 1870, the defendant Smith and others were appointed receivers of the Vermont Central Railroad Company by the Court of Chancery of that State. On the 24th of February, 1870, the said receivers, by the authority of the court, and the Vermont and Canada Railroad Company, leased the road of the Ogdensburgh and Lake Champlain Railroad Company, a New York corporation, for a term of years, at a stipulated rent, agreeing to fulfill all the obligations of the latter road either by statute or at common law, as common carriers or otherwise, and to indemnify it from any claim for any accident that might occur upon the road.

This action was brought against the receiver Smith, individually, to recover damages for injuries sustained by the plaintiff, who was employed on the Ogdensburgh and Lake Champlain Railroad in consequence of being supplied with inadequate tools and machinery. No personal negligence of Smith was alleged. *Held,*

(1) That the action, if maintainable, could be properly brought against one receiver alone; and

(2) That the receiver acted officially and as an agent of the Vermont company in making the lease, and that he was not personally liable for the negligence of his employes. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered upon a dismissal of the complaint at the Circuit.

The action was brought to recover damages for an injury to the plaintiff while in the employment of the lessors of the Ogdensburgh and Lake Champlain Railroad Company, arising from the alleged carelessness and negligence of the employers in not furnishing proper and adequate appliances or machinery for the business or labor in which the plaintiff was engaged. It was stipulated upon the trial that the Ogdensburgh and Lake Champlain Railroad Company was a corporation duly created and organized under the laws of the State of New York; that on and since the 24th day of February, 1870, the Vermont and Canada Railroad Company was a corporation duly created and organized under the laws of the State of Vermont, and as such owned and operated a railroad from St. Albans, Vt., to Lake Champlain, there connecting with the railroad of said

Ogdensburgh and Lake Champlain Railroad Company; that prior to said 24th day of February, 1870, the Vermont Central Railroad Company was a corporation duly created and organized under the laws of the State of Vermont, and as such owned and operated a railroad from White River Junction, Vt., to St. Albans, Vt., there connecting with said Vermont and Canada Railroad, and forming with said other railroads a continuous line from White River Junction, Vt., to Ogdensburgh, N. Y.; that prior to said 24th day of February, 1870, by proceedings duly had in the Court of Chancery of the State of Vermont, John Gregory Smith, Benjamin P. Cheney, Joseph Clark and Lawrence Brainard were duly appointed receivers and managers of said Vermont Central Railroad Company, to hold and operate said Vermont Central Railroad as officers of said court, and not otherwise; that on the 24th day of February, 1870, said Vermont and Canada Railroad Company, and said receivers and managers of the Vermont Central Railroad Company, being thereunto duly authorized by the laws of the State of Vermont, and by the orders and decrees of said Court of Chancery, entered into a certain contract with said Ogdensburgh and Lake Champlain Railroad Company for the leasing of that road; that from the 1st day of March, 1870, until the 1st day of July, 1873, the said railroad in the complaint mentioned was operated, and the said depot and station, grounds, repair shops and other buildings, railroad tracks and cars in said complaint mentioned were used and possessed by the parties of the second part, in said contract named, in the operation of said railroad, and in the business of transporting passengers and freight thereon under and in pursuance of the terms of said contract, and not otherwise; that Lawrence Brainard, one of said receivers and managers, died prior to the commencement of this action; that the summons in this action has been served only upon the defendant, John Gregory Smith, and none of the defendants except said Smith have appeared herein. The plaintiff read in evidence the contract referred to in said stipulation, of which the following are portions:

"Articles of agreement between the Ogdensburgh and Lake Champlain Railroad Company, a corporation organized under the laws of the State of New York, party of the first part, and the Vermont and Canada Railroad, a corporation organized under the laws of the

State of Vermont, and the managers and trustees of the Vermont Central Railroad Company, who have the possession and management of the Vermont Central Railroad by virtue of decrees of courts and the laws of the State of Vermont, parties of the second part. &ast; &ast; &ast;

"It is covenanted between said parties jointly and severally as follows : That the parties of the second part, either by themselves or in connection with other railroad corporations, by virtue of business contracts, regulating the business from said Ogdensburgh and Lake Champlain Railroad Company, shall have the possession and control and use of the Ogdensburgh and Lake Champlain Railroad, with all its branches and all its locomotives, cars, engines, etc. &ast; &ast; &ast; All the gross receipts of, and from, the business and traffic of, or upon, the Ogdensburgh and Lake Champlain Railroad after the 1st day of March, A. D. 1870, shall belong to the parties of the second part, and be collected by the managers aforesaid, and disposed of as the said parties of the second part shall direct. &ast; &ast; &ast;

"The parties of the second part jointly and severally covenant and agree to and with the parties of the first part, its successors and assigns, to keep up and maintain in good order and condition by repairs and renewals, as the same may be needed, all the present equipment of the party of the first part, and to add such new cars and engines as may be necessary to provide for waste and depreciation, as the same may from time to time occur. &ast; &ast; &ast;

"The parties of the second part jointly and severally agree to and with the party of the first part that in addition to the foregoing &ast; &ast; &ast; they will fulfill all obligations of the party of the first part specified in schedule B, and assume all the obligations of the parties of the first part, either by statute or at common law, as common carriers, warehousemen or otherwise, and will indemnify and save harmless the party of the first part from all costs, damages or loss by reason of any failure to fulfill said obligations, and by reason of any claim that may be made for any neglect, accident or default happening upon, or in connection with, the road of the parties of the first part, and save the party of the first part and its successors and assigns, from all loss, damages, costs and expenses, for or by reason of any thing to be done or omitted on its part under its charter and existing laws from and after the day this contract goes into effect, except

that this article shall not apply to any demand or claims against the party of the first part for past transactions, or for any thing for which the consideration is passed. * * *

"In testimony whereof, * * * Lawrence Brainard and Joseph Clark, trustees, and John Gregory Smith, trustee and one of the managers, and Benjamin P. Cheney, one of the receivers and managers of the Vermont Central Railroad, have hereunto set their hands and seals on this twenty-fourth day of February, in the year of our Lord one thousand eight hundred and seventy. * * *

"The Ogdensburgh and Lake Champlain Railroad Company by

"JOHN C. PRATT.    [L. S.]

"The Vermont and Canada Railroad Company by

"JOHN PORTER,

"Vice-President, [L. S.]

"and SAMUEL ATHERTON,

"Director.

"The trustees and managers of Vermont Central and Vermont and Canada Railroads,

(Signed)    ,    "J. GREGORY SMITH.    [L. S.]

(Signed)        "B. P. CHENEY."        [L. S.]

Upon the pleadings and this proof, and without waiting for the plaintiff's full case, the defendant Smith moved for a nonsuit upon the ground that an action of this kind, by a servant for an injury, could only be maintained against the master, and that the defendant Smith did not occupy that relation as to the plaintiff. From the opening of counsel for plaintiff it appeared that such a case existed in favor of the plaintiff as would entitle him to submit it to the jury, if the liability of the defendant Smith to the plaintiff were the same as if Smith were the sole proprietor and operator of the railroad. But it was conceded by the plaintiff's counsel that the defendant Smith was not present at the time plaintiff received his injury, and that no personal negligence of Smith contributed thereto. The foregoing was all the proof offered to connect said defendant with the plaintiff or with the subject-matter of this action.

The motion was granted, whereupon the plaintiff duly excepted.

L. Hasbrouck, Jr., for the appellant. An action for injury sustained through the negligence of several persons will lie against any

one or more of the wrong-doers. (*Low* v. *Mumford,* 14 Johns., 426 ; *Creed* v. *Hartman,* 29 N. Y., 591 ; *Webster* v. *Hud. R. R. R. Co.,* 38 id., 206 ; *Barrett* v. *Third Ave. R. R. Co.,* 45 id., 628, 631 ; *Roberts* v. *Johnson,* 58 id., 613, 616 ; *Chipman* v. *Palmer,* 9 Hun, 517.) The defendant Smith was personally liable. (*Rogers* v. *Wheeler,* 2 Lans., 486, 489 ; affirmed, 43 N. Y., 592 ; *Blumenthal* v. *Brainard,* 38 Vt., 402 ; *Paige* v. *Smith,* 99 Mass., 395 ; *Sprague* v. *Smith,* 29 Vt., 421 ; *Barter* v. *Wheeler,* 49 N. H., 9 ; *Ballou* v. *Farnum,* 9 Allen, 47 ; *Lamphear* v. *Buckingham,* 33 Conn., 237.)

*Edward C. James,* for the respondent.

BOARDMAN, J. :

It is conceded that a case existed in favor of the plaintiff, which would entitle him to its submission to the jury, if the defendant, Smith, was liable. The action was brought to recover damages for personal injuries incurred by plaintiff, through the negligence of defendant's as his employers, in supplying him with inadequate tools and machinery. If defendant was an employer of the plaintiff in such sense as to create an implied contract to exercise ordinary care not to expose him to unreasonable risks and dangers, then the defendant might be liable in this action. But if the defendant was not such an employer, and the relation of master and servant did not exist between them, then defendant is not liable. It is also conceded by the plaintiff that defendant, Smith, was not present at the time plaintiff received his injury, and that no personal negligence of Smith contributed thereto.

Undoubtedly an action for an injury caused by the negligence of several persons, will lie against one or more of them. (*Creed* v. *Hartmann,* 29 N. Y., 591 ; *Roberts* v. *Johnson* 58 id., 613.) The nonsuit could not, therefore, stand upon any defect of parties. Hence the nonsuit must be justified, if at all, upon the ground that Smith was not the master of the plaintiff, and was improperly sued as such.

The question is novel and no authority is found covering the point here presented. The defendant Smith was one of the receivers and managers of the Vermont Central Railroad, appointed by the courts of Vermont. As such and by the authority of the court

and for and on behalf of the Vermont Central Railroad, a lease of the Ogdensburgh and Lake Champlain Railroad, was made to the Vermont railroad companies, in the hands of such receivers and managers. The defendant with others signed such lease, not on his own behalf, but for the companies he represented. He acted as agent and not as principal. He did not personally become the owner, nor was he entitled personally to the earnings of the Ogdensburgh and Lake Champlain Railroad, under the lease. His relations to the Vermont roads were purely official, and in such official character he was authorized to, and did act in leasing the Ogdensburgh and Lake Champlain Railroad. The Vermont roads expected to derive advantage from the act done by Smith, and therefore must answer for injuries occasioned thereby. (*Hall* v. *Smith*, 2 Bing., 156.) The work was carried on for the benefit of the roads and not of the defendant. (*Bush* v. *Steinman*, 1 B. & P., 404, 407.) The defendant was an agent and not an owner. He was an agent in the same sense and of the same character with a director or superintendent or other officer of a railroad company. His acts are the acts of the corporations he represents, and as they receive the benefit, upon them must rest the responsibility, in the absence of any personal negligence of the defendant.

Several of the cases cited by the plaintiff's counsel arose under contracts made by the defendants, and the defendants were held personally liable for their fulfillment. But as the plaintiff properly contends, this is an action for a tort, and the contract which is implied is only inducement to the charge of wrong.

Other cases are cited by the plaintiff's counsel where the defendants are, in law, the owners of the property, and the responsibility for injuries arose from such ownership. Such are the cases of executors, administrators and trustees, having possession and perfect title although for the ultimate benefit of others. (*Ballou* v. *Farnum*, 9 Allen, 47; *Lamphear* v. *Buckingham*, 33 Conn., 237.) But in none of these cases do I find it held, that persons acting in a representative character, are held liable for injuries occasioned by negligence unless such persons are the owners and proprietors of the property through which the injury arose, and the master of the person injured. I think the principles enunciated in the learned opinion of Judge ALLEN, in *Cardot* v. *Barney* (63 N. Y., 281),

sustain the views I have taken. At least it so seems to me, and I therefore conclude the judgment should be affirmed, with costs.

BOOKES, J., concurred.

LEARNED, P. J. (dissenting):

The Ogdensburgh and Lake Champlain Railroad Company is a corporation under the laws of New York. The Vermont and Canada Railroad Company is a corporation under the laws of Vermont. The Vermont Central Railroad Company was a corporation under the same laws, but prior to the time of the alleged cause of action the defendant and others, by the Court of Chancery of Vermont, had been appointed receivers and managers of said Vermont railroad company, to hold and operate the same as officers of the court and not otherwise.

Prior to the time of the alleged cause of action the Ogdensburgh and Lake Champlain Railroad Company, as parties of the first part, and the Vermont and Canada Railroad Company and the managers and trustees of the Vermont Central Railroad Company, as parties of the second part, entered into a written contract. The Vermont Central Railroad Company was not itself a party to this contract; but the same was signed by the defendant and another, styling themselves trustees and managers; and they are described therein as having the possession and management of the Vermont Central Railroad Company under the decrees of the courts and the laws of the State of Vermont. The defendant describes himself in this contract not as a receiver but as trustee and manager.

By this contract the parties of the second part are to have possession and control and use of the Ogdensburgh and Lake Champlain Railroad Company. All the gross receipts are to belong to them and to be collected by said managers, and to be disposed of as the parties of the second part shall direct. The parties of the second part jointly and severally covenant to keep up and maintain in good order all the present equipment, and to keep in repair the tools and machinery. They jointly and severally covenant to pay the party of the first part a certain rent; to assume all the obligations of the parties of the first part, by statute or common law, as common carriers or otherwise; to indemnify and save them harmless by reason

of any claim that may be made for any neglect, accident or default happening upon, or in connection with, the road of the parties of the first part.

Now, in the first place, it seems to me that the defendant cannot be called an agent of the Vermont Central Railroad Company. He does not name himself receiver in the written contract; but I assume, from the stipulated evidence, that he may have been appointed receiver of the Vermont Central Railroad Company by a Vermont court. As such receiver he is not, as I think, the agent of the corporation. The corporation cannot control or remove him. He is simply an officer of the court. The ground of the appointment of a receiver is that the corporation shall no longer be permitted to manage the property, and that the court will take control of it.

As is said in *Cardot* v. *Barney* (63 N. Y., 281), " the property was in the court for management and administration, and the defendant was an officer of the court obeying its orders and carrying out its directions." And, in that case, it was because the position of the defendant therein was entirely official that he was held not to be liable in an action for negligence, in the management of a railroad which was under his control, as receiver, where no personal neglect was imputed.

But again — and here lies the distinction between the present case and that cited above — the defendant is not receiver of the Ogdensburgh and Lake Champlain Railroad Company, in the management of which this accident occurred. He has no official position what-ever, in respect to that railroad. The gross receipts, by the terms of the contract, belong to him and his co-lessees ; and are to be disposed of as they shall direct. It is very possible, that in this receipt of income and in this management of the Ogdensburgh and Lake Champlain Railroad Company, he acts as trustee and in a representative capacity. But this is unimportant. (*Rogers* v. *Wheeler*, 43 N. Y., 598 ; *Ferrin* v. *Myrick*, 41 N. Y., 315 ; *Cardot* v. *Barney*, *ut supra*, at p. 288.) In doing this, he is in no sense a receiver or officer of the court, but he has voluntarily assumed to operate the road, and thus has assumed all consequent liabilities.

In regard to the duties imposed on one as receiver, the courts go so far in protecting its officers that he cannot be sued except by permission of the court. But where one who has been appointed

by the courts of another State, a receiver of a railroad company in that State, comes into this State and obtains the control of another railroad, and one incorporated by our laws, and manages that, and receives its income ; he is not entitled to the immunities of a receiver in respect to such road and its management.

Furthermore, by the very letter of this contract, he agreed (and the agreement was several, as well as joint), to assume all the obligations of the company and to indemnify the company against any neglect, accident or default, happening upon, or in connection with, the said road.

In *Blumenthal* v. *Brainerd* (38 Vt., 402), in regard to these same receivers, the court held, that if they were in fact common carriers, it was no defense to an action for a breach of duty or obligation, that they were managing the road as receivers. In *Paige* v. *Smith*, (99 Mass., 395), the same rule was adopted in Massachusetts as to these same receivers.

But whatever may be the defendant's liability in respect to the management in Vermont, of the road of which he is supposed to be receiver ; when he comes into this State and obtains complete control of a railroad, not by virtue of his appointment as receiver, but by a contract, which he voluntarily made ; when he takes possession of this railroad, and agrees to assume the duties of the company as a common carrier, and when he receives the earnings, to be disposed of as he directs, he is, as it seems to me, the owner and proprietor, during the time agreed upon, of the property, and the master of the persons employed by him in performing the duties thus assumed.

Concurring with my brother BOARDMAN, on the question as to the defect of parties, I think that, for the reasons above stated, the judgment should be reversed and a new trial granted, costs to abide the event.

Judgment affirmed, with costs.