## EDWARD M. WYATT

### v.

## THE OHIO AND MISSISSIPPI RAILROAD COMPANY.

1.  RECEIVER—SUIT AGAINST.—A receiver appointed by the court is an officer of the court, and that court has power to protect him from being harassed by suits in other jurisdictions, but in this case the suit was not against the receiver, but against the company of which he was appointed receiver.

2.  SUIT AGAINST RAILROAD IN HANDS OF RECEIVER.—Notwithstanding the property and franchises of a railroad company may be in the hands of a receiver appointed by the court, it is discretionary in the court to permit a suit to be brought against the company and prosecuted to final judgment, for the purpose of fixing the rights of the parties.

3.  DISMISSAL OF SUIT.—The mere fact that a receiver has been appointed by the Federal court, and the property of the company is in his hands, is no ground for sustaining a motion to dismiss a suit pending in the State court against such company.

4.  INJURY OCCASIONED BY AGENTS OF RECEIVER.—If it should appear that the injury complained of was caused by the servants or agents of the receiver while operating the road, that fact would, no doubt, be a good defense to the present action; but such facts can not be inquired into on a motion to dismiss for want of jurisdiction.

ERROR to the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.   Opinion filed February 3, 1882.

Mr. OSCAR A. DE LEUW, for plaintiff in error; that a corporation may be sued, though in the hands of a receiver, cited Allen v. Cent. R. R. Co., 42 Iowa, 683; Kinney v. Croker, 18

Wis. 74; Paige v. Smith, 99 Mass. 395; Hill v. Paslar, 111 Mass. 508; Camp v. Barnes, 11 N. Y. 373; St. Jo. R. R. Co. v. Smith, 19 Kan. 225.

Messrs. POLLARD & PHILLIPS, for defendant in error.

McCULLOCH, J. This was a suit originally brought before a justice of the peace before whom a judgment was rendered against defendant in error and from which judgment an appeal was taken to the circuit court. There the defendant in error interposed a motion to dismiss the suit for want of jurisdiction in the justice, for the reason that defendant, with its franchises and property and possessions, was then, and for a long time before the injury was done for which the suit was brought, and up to the time of filing the motion, had been continuously in the entire, sole and exclusive possession of a receiver appointed by the Circuit Court of the United States, within and for the Southern District of Illinois. This motion was supported by affidavit setting up the facts alleged in the motion and an admission of plaintiff that, at the time of the alleged injury, one John King, Jr., was, and since then has continued to be, a receiver of said company appointed as aforesaid.

The circuit court sustained said motion and dismissed the suit, which ruling of the court is now assigned for error.

We do not regard the question involved as one affecting the jurisdiction of the court. It is undoubtedly true that a receiver is an officer or agent of the court appointing him, and that that court has power to protect him from being harassed by suits in other jurisdictions, by attachment of the plaintiff in such suits or otherwise. This, however, is not a suit against the receiver, but one against the company whose property is in the hands of a receiver. It is discretionary in that court to permit such suits to be instituted, or having been instituted, to allow them to be prosecuted to final judgment for the purpose of fixing the rights of the parties. It is not shown by affidavit or otherwise in this case, that such permission has not been given; but even if it were so shown we can not see how the State courts could be ousted of their jurisdiction. The court

making the appointment has ample power to protect the receiver of the company from the annoyance of unauthorized suits, by direct proceedings against the parties instituting them, where the bringing of such suits may interfere with the progress of litigation in that court.

But the mere fact that a receiver has been appointed, and that the property of the company, with its revenues and franchises, has been sequestered by him, does not destroy the existence of the company as a body corporate, nor its capacity of being sued. And in this respect it can make no difference whether the appointment is made by a State or United States court. It is not like a plea of a former suit pending for the same subject-matter, for here it is not shown that the matter involved is the subject of litigation in any other court. The motion to dismiss for want of jurisdiction was therefore improperly sustained. In support of these views we cite the following cases: Allen v. Cent. R. R., 42 Iowa R. 683; Kinney v. Crocker, 18 Wis. 74; Paige v. Smith, 99 Mass. 395; Hill v. Parker, 111 Mass. 508.

Should it appear on the trial of the cause that the injury was occasioned by the agents of the receiver while operating the road, that all its property, revenues and franchises were in the hands of the receiver at the time of the injury, and that he and not the company was operating the road, these facts, we doubt not, would constitute a good defense to this action; but these facts are to be developed on the trial, and can not be inquired into upon a motion to dismiss for want of jurisdiction. The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.