## NELS L. WEIGEN v. THE COUNCIL BLUFFS INSURANCE COMPANY, Appellant.

**Insurance:** FORFEITURE: *Ineffective mortgage.* A chattel mortgage covering property insured is not such an authorized incumbrance as will avoid the policy, when it was given to obtain money to take up a prior mortgage and discharged eight days later, upon the mortgagee's failure to raise the amount of the loan it was intended to secure.

**Action:** AFTER APPOINTMENT OF RECEIVER. An action may be maintained against an insolvent incorporation notwithstanding the appointment of a receiver, when it has not been enjoined by the court from the exercise of its corporate powers, and the receiver is not a necessary party to the action, and when no relief is asked against him.

*Appeal from Howard District Court.*—HON. L. E. FELLOWS, Judge.

FRIDAY, JANUARY 21, 1898.

ACTION on insurance policy. Trial to court. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Flickinger Bros.* and *John McCook* for appellant.

*H. T. Reed* for appellee.

LADD, J.—This action was begun November 9, 1895, on an insurance policy issued by the defendant November 6, 1894, covering furniture, fixtures, and merchandise which were destroyed by fire May 13, 1895. The contract of limitations had not run. *Reed v. Insurance Co.,* 103 Iowa, 307. In the view taken, it becomes immaterial whether Nason was an adjusting agent for defendant, or what he said or did; for, if the existence of the mortgage was not a violation of the conditions of the policy, the failure to

disclose it in the proof of loss, if shown, would not amount to fraudulent concealment forfeiting all claims against the company.    Only the remaining errors assigned will be considered.

II.    In the second count of the answer the defendant alleged that on June 5, 1895, W. W. Loomis was appointed receiver and took possession of all the property and papers of the defendant company, and has since continued in the exercise of his duties as such; that said receiver is a necessary party to the determination of this controversy; that the court entered an order requiring all claims against the defendant to be filed with the receiver before October 5, 1895, and that of plaintiff has never been so filed.    To this count the plaintiff demurred on two grounds:    (1) This action is against the company, and the appointment of a receiver is no defense; (2) the failure to file the claim with the receiver is not a defence against the company.    The appellant complains of the action of the court in sustaining this demurrer.    It will be observed that there is no allegation that the corporation had been dissolved, or that the court, in appointing the receiver, enjoined it from exercising any of its corporate powers.    No statute of this state limits the powers of a corporation upon the appointment of a receiver, and those of the defendant were restrained only by depriving it of its property.    The right to sue and be sued, conferred by the statute, was retained.    No relief was asked against the receiver, and he was not a necessary party, though he might, in the discretion of the court, be permitted, by intervening, to interpose any proper defense to the action.    The authorities seem in entire harmony on these propositions.    See 20 Am. & Eng. Enc. Law, 253; *Allen v. Railroad Co.*, 42 Iowa, 683.

III.    The policy contains this clause:·· "If there be now or hereafter any mortgage, judgment, lien, or

incumbrance on or against the whole or a part of the property hereby insured," then the policy shall be void. The plaintiff executed to his brother, A. O. Weigen, a chattel mortgage, February 20, 1895, covering the goods insured and destroyed by fire, securing the payment of eight hundred and ninety-nine dollars and twenty-five cents, which was duly recorded. Eight days thereafter the mortgagee satisfied the same on the margin of the records, and returned the instrument to the mortgagor. The defendant insists that this transaction rendered the policy void. To meet this contention the plaintiff was permitted to show that, when the mortgage was executed, by agreement of the brothers, the mortgagee was to furnish money to take up a prior mortgage given by the plaintiff to the Powers Dry Goods Company, and in event of failure to do so he would cancel this mortgage, and that, having found it impossible to raise the necessary means, he satisfied and returned it in pursuance of such agreement, though given to secure the exact amount owing him. The mortgage was not to be effective between the brothers unless the mortgagee fulfilled his promise to pay off that to the Powers Dry Goods Company. The evidence of this was competent, because it went to the very consideration which induced the giving of the security. The plaintiff, while bound to pay his debt, was not required, under the law, to pledge any property for its payment; and, having done so, the consideration therefor may be inquired into. The condition against liability in event of incumbrances was undoubtedly inserted in the policy in order to guard against any increased moral hazard. This court has held that a provision against subsequent insurance is not violated when such insurance is not effective. *Hubbard v. Insurance Co.*, 33 Iowa, 325; *Behrens v. Insurance Co.*, 64 Iowa, 19. In *Forward v. Insurance Co.*, 142 N. Y. App. 381 (37 N. E. Rep. 615), a bill of sale executed by the insured

without consideration, and with intent to defraud creditors, was held not to be a breach of a contract against change of ownership or incumbrances. A deed absolute on its face, though intended only as a mortgage, was held not to be in violation of a condition in a policy against any change of title in *German Insurance Co. v. Gibe*, 162 Ill. Sup. 251 (44 N. E. Rep. 490). The mortgage did not affect any interest the plaintiff had in the property, and could not have been enforced by his brother. The moral hazard was not increased by it. The incumbrance to avoid a policy must be valid, not merely nominal, and such as would have a tendency to create or increase temptation or motive for the destruction of the property, or decrease the owner's interest in guarding and preserving it. The execution of this mortgage had no such tendency. It was, at most, merely a technical, not a real, violation of the terms of the policy, and did not work a forfeiture.—AFFIRMED.