Babst, J.
The petition is one for the recovery of damages for an alleged injury suffered by plaintiff, by reason of the negligence of the defendant, the C., D. & M. Ry. Co. The defendants, Eli West and George Whysall, are made parties defendant as receivers of the C., D. & M. Ry. Co. The allegation of the petition out of which the question arises is as follows:
“That Eli West and George Whysall were, by the consideration of the Court of Common Pleas of Marion County, and Franklin county, on the-day of July, A. D. 1909, appointed and qualified as receivers of the defendant company, the Columbus, Delaware & Marion Railway Company, and have ever-since said 6th day of August, 1909, and are now the* duly qualified and acting receivers of said Columbus, Delaware & Marion Railway Company.”
To this petition the railway company and the receivers demur. The demurrer of the receivers is:
1st. To the jurisdiction of the court.
2d. That the petition does not state a cause of action.
*562 The demurrer of the railway company to the petition is that it does not state a cause of action.
These demurrers raise and submit the following questions:
1st. Must this court take judicial notice of its own record ?
2d. Does the demurrer of the receivers enter their appearance?
3d. Is it a condition precedent that the plaintiffs must have leave of this court before bringing this suit?
The first proposition involves the question as to whether a court is justified by general considerations in assuming the truth of the proposition without requiring evidence from the party.
Without discussing all of the questions involved in this general proposition, we go to the inquiry of matters which the judicial function supposes the judge -to be acquainted with, either actually or in theory. It may be well here to state the one sitting as judge had all of the matters submitted to him, and so had personal knowledge of the results preceding. It therefore can be fairly assumed that the court had actual knowledge of past events—in other words, knew the things ordered (Wigmore on Evidence, Section 2579 and cases cited). Having notice of its record, it must determine from it whether the receivers were appointed by this court or that of Franklin county, and as the records of which it has judicial as well as actual notice show that the appointment was not made in Marion county, it follows that the appointment was made in Franklin county under the allegation of the petition.
Second proposition: A receiver is an officer of the court— its hand; every act by him is responsive to an order of the court appointing him; he has no other power, save that of the statute and the order of the court. If he is a creature of the court— controlled by it, a part of it—he is of it, and so can have no independent act or thought save that coming from the court appointing him and, this being true, he can not by his act waive anything unless empowered so to do. In other words, as he is of the court, his acts speak for it, and unless authorized he can not act. It follows that the demurrer filed by him does not and can not enter his appearance.
*563 This proposition is so generally interwoven and involved with the third, that the authorities cited apply in a large sense to each so that we will refer to them as supporting the'question here involved.
. That it is a condition precedent that the plaintiffs must have leave of the court appointing such receiver before bringing this suit, is the third proposition.
The general principle applicable is, that a receiver appointed by a court,- while in the possession of and managing the property under such court’s authority, is not subject to an action with respect to the property thus held without the suitor first obtains leave to sue from the appointing count. 14 Howard (U. S.), 65; 16 Wall., 203; 19 Fed. Reports, 342; 194 U. S., 126; 2 Royer on Railroads, 894-899; Story, Equity Juris., 831; Kerr on Receivers, 165; High on Receivers,' Sections 141-163-5; Pomeroy’s Equity Jurisprudence, Section 1336; 35 O. S., 584; 51 O. S., 519.
The courts of some states have maintained that this general rule is subject to important exceptions. Thus it has been held that when there is no attempt to interfere with actual possession of property in custody of the receiver, but only an attempt to obtain judgment at law, it is not necessary to obtain leave of court. 18 Wis., 74; 42 Iowa, 687; 99 Mass., 395; 11 N., 373; 19 Kans., 225; 38 Vt., 402.
This general exception to the general rule, was discussed by the United States Supreme Court in the case of Barton v. Barbour, and Mr. Justice Woods, in an elaborate opinion, held that the exception to which we have adverted can not be maintained. 104 U. S., 128.
The reasons for the general rule are obvious. The receiver is appointed and given charge of the property pending the litigation for the benefit of all parties concerned. He is not the agent of the corporation (74 Mo., 602); or -of the debtor {High on Receivers, Section 396) ; or of the creditor, or of any party interested in the suit. He is not strictly a trustee, as he has not the legal title and has assumed the performance of no express or' definite trust (24 Fed. Report, 901). And he is not an agent, but an officer of and controlled by the appointing court, and subject alone to its directions. Wholly independent of, and not *564 subject to tbe control of either debtor or creditor, entirely indifferent as between the parties to the cause, he exercises his functions under the order of the court appointing him, for the common benefit of all parties in interest. He is the custodian of the property, and has been said, without holding title, to hold it subject to the order of the court. 66 Pa., 252.
He is but an instrument "often called the hand” of the court, and can not act without its authority (17 Am. Law Review, 834); hence his possession, in the possession, is the possession of the court, and the property is in custodia legis. 14 Howard, 65; High on Receivers, 139-151.
A receiver being an officer of the court appointing him, deriving his function solely from that source, and his possession being regarded as only that of the court, it follows that an interference with his possession is an interference with the.possession of the court and the court’s authority, and hence the supposed right of parties to institute suit against such officer, without first obtaining permission from the appointing court, has been uniformly denied.
In this state, by express legislation, railroad receivers are taken from under this rule, our Supreme Court having expressly held that laws applicable to railroads do not apply to electric railways, and so the rule as we have stated it adheres. 59 O. S 179. ■ ’ ’’
We, therefore, sustain the demurrer and dismiss the petition at costs of plaintiff. ‘