JOEL H. HILLS *vs.* WILLIAM M. PARKER & others.

The owner of a locomotive engine may maintain replevin for it against the agent of a railroad corporation, whose property is in the hands of receivers, without obtaining leave of the court appointing the receivers, if the corporation has no interest in the engine, although it is used on the railroad.

REPLEVIN of a locomotive engine from William M. Parker and the Boston & Albany Railroad Company. Writ dated November 21, 1870.

At the trial in the Superior Court, before ' *Rockwell*, J., the plaintiff introduced evidence tending to show that in November 1869, Henry N. Farwell, a director of the Boston, Hartford & Erie Railroad Company, which was then in embarrassed circumstances, bought this engine from the maker; that the defendant Parker, who was superintendent of the railroad, asked him to let him have the engine to use on the railroad; that Farwell said he would not deliver it to the company, but would deliver it to Parker to be run on the railroad, Parker to be personally responsible for it; and that Parker took it with that understanding.

The defendants introduced evidence tending to show that Farwell sold the engine to the Boston, Hartford & Erie Railroad Company; and that it was used on that railroad until the autumn of 1870, when it was sent for repairs to the repair shop of the Boston & Albany Railroad Company.

It appeared that Farwell sold the engine to the plaintiff on November 19, 1870, while it was still in the repair shop.

The defendants introduced evidence that on a bill in equity in this court against the Boston, Hartford & Erie Railroad Company, receivers were appointed to take possession of all the property of the company; that in August 1870, the receivers took possession of the property, directed Parker to continue in the employment of the receivers as superintendent, and to hold all the property of the railroad for them ; that he agreed so to do ; that after that time the railroad was run on their account ; that the engine in question was in use on the railroad when they took possession, and continued so to be used until it was sent to the repair shop ; that all the profits from its use were received by them ; that Parker, after the appointment of the receivers, held the engine for them, and acted for them in sending the engine to the repair shop ; and that Farwell applied to the receivers for the engine and they refused.

The plaintiff admitted that he had never applied to this court for leave to bring the action.

The defendants asked the judge to rule as follows : " If, after the appointment and qualification of the receivers, they were, as receivers, in possession of and used and ran the engine by Parker, as their agent, or by their other employés, and claimed it as the property of the Boston, Hartford & Erie Railroad Company, and Farwell applied to the receivers to give it up, and they declined to do so, and the engine, while being so used, was injured, and Parker, acting for the receivers, and as their agent, sent it to the repair shop of the Boston & Albany Railroad Company to be repaired, and while at that shop it was replevied by the plaintiff, and the plaintiff did not obtain of the court which appointed the receivers permission to bring this action, the plaintiff cannot recover. Such possession of the receivers would be the possession

of the court which appointed them, and the plaintiff could not legally interfere with that possession except by authority from that court, and it is immaterial whether Farwell, or the plaintiff, or the Boston, Hartford & Erie Railroad Company, had or had not any title to the engine. The proper and only remedy for the plaintiff in such case would have been to apply to the court appointing the receivers either to hear and pass upon his right, or for permission to bring a suit to try his title."

The judge refused so to rule; and ruled that the Superior Court had the same power to try the case as if no receivers had been appointed, and that the question was whether the plaintiff had proved his title.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. D. Ball*, for the defendants.

*A. A. Ranney*, for the plaintiff.

GRAY, J. The defendants fail to bring themselves within the principle on which they rely for their defence. That principle is, that when property has been put by the decree of a court of chancery into the hands of a receiver, his possession is the possession of the court which appointed him, and any rights in the property can only be asserted by application to that court.

All the decisions cited for the defendants relate to property in which the person or corporation whose estate has been placed by the court of chancery in the custody of the receiver had a title. In such a case, the property in the hands of the receiver as an officer of the court is in the custody of the law, and cannot therefore be seized or sold on execution, or distrained for rent, without leave of the court which appointed the receiver. *Wiswall* v. *Sampson*, 14 How. 52. *Russell* v. *East Anglian Railway Co.* 3 Macn. & G. 104. *Noe* v. *Gibson*, 7 Paige, 513. *Robinson* v. *Atlantic & Great Western Railway Co.* 66 Penn. State, 160. And the question whether creditors claiming a paramount right, by mortgage or otherwise, in the property of the debtor, shall be permitted to enforce their rights by action at law against the receiver, is within the control of the same court, which may treat the bringing of such an action without its leave as a contempt of

its authority; but leave to bring such an action, when applied for, is granted by the court of chancery as of course, unless it is clear that there is no foundation for the claim; and when the action is brought without applying for such leave, the possession of the receiver is not necessarily a valid defence at law, and the court of chancery, if applied to for an injunction, may in its discretion allow the action to proceed to judgment and to be defended by the receiver. *Bryan* v. *Cornish*, 1 Cox Ch. 422. *Anon.* 6 Ves. 287. *Angel* v. *Smith*, 9 Ves. 335. *Brooks* v. *Greathed*, 1 Jac. & W. 176. *Aston* v. *Heron*, 2 Myl. & K. 390. *Randfield* v. *Randfield*, 3 De G., F. & J. 766.

The decree of a court of chancery appointing a receiver entitles him to its protection only in the possession of property which he is authorized or directed by the decree to take possession of. When he assumes to take or hold possession of property not embraced in the decree appointing him, and to which the debtor never had any title, he is not acting as the officer or representative of the court of chancery, but is a mere trespasser, and the rightful owner of the property may sue him in any appropriate form of action for damages or to recover possession of the property illegally taken or detained. *Parker* v. *Browning*, 8 Paige, 338. *Paige* v. *Smith*, 99 Mass. 395. *Leighton* v. *Harwood*, *ante*, 67.

In the present case, the order of this court sitting in chancery, appointing receivers of the property of the Boston, Hartford & Erie Railroad Company, did not authorize them to take possession of the property of any other person, and therefore afforded them no justification or protection for claiming or assuming possession of property in which that corporation never had any interest, and did not deprive the lawful owner of such property of the right to assert his title before a jury in an action at common

AW. *Exceptions overruled.*