(Decided December 6th, 1877.)

THE BALTIMORE AND OHIO RAILROAD COMPANY *vs.* F. G. F. WALTEMYER, use of JOHN T. ENSOR.

SECURITY FOR COSTS.

*Effect of omission to enforce the rule—When waiver of the rule will be presumed—Construction of Act of 1867, ch. 164—Payment of costs condition precedent to hearing in cases of appeals from Justices of the Peace.*

The omission to enforce a rule security for costs before going to trial can scarcely be regarded as an error affecting the jurisdiction of the Court below.

In the absence of any apparent disposition of that rule on the record, the presumption must be that it was waived.

It is obvious that the object of the Act of 1867, ch. 164, in requiring the prepayment of the costs before hearing or trial, in cases of appeals from judgments of justices of the peace, is the protection of the justices who render the judgments and of the officers who serve the process, and not the protection of the parties to the suits.

The payment of costs is not required as a condition of the appeal, but is a condition of the hearing.

APPEAL from the Circuit Court of Baltimore County.

On the 15th September, 1874, suit was instituted by F. G. F. Waltemyer, before Thomas J. English, a justice of the peace of Baltimore County, to recover sixty-five dollars

damages for the loss of a cow, killed on the road of the appellant. "Judgment of *non pros.*, plaintiff pay the costs," was rendered by the justice, from which an appeal was taken to the Circuit Court for Baltimore County.

The defendant, in accordance with the provisions of section 10 of Article 27 of the Code of Public General Laws, on March 7th, 1876, filed a motion for rule security for costs on the plaintiff.

On May 6th, 1876, before this motion had been disposed of by the Court, and notwithstanding the failure of the plaintiff to give the security demanded, and the non-compliance on his part with the provisions of the Act of Assembly of 1867, ch. 164, the trial of the cause proceeded, and a judgment was rendered in favor of the plaintiff for the full amount of his claim.

Subsequently a motion was filed by counsel for defendant to strike out the judgment, assigning reasons therefor, the principal reason relied on being that at the time the cause was tried in the Circuit Court there was a rule security for costs outstanding against the appellee and not complied with by him, and that the costs which had been incurred before the magistrate were not paid.

The motion was overruled; whereupon the appellant took this appeal.

The cause was argued before BARTOL, C. J., MILLER, STEWART and BOWIE, J.

*J. K. Cowan* and *J. A. Buchanan*, for appellant.

*John T. Ensor*, for appellee.

BOWIE, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court of Baltimore County, reversing a judgment of a justice of the peace.

Waltemyer, the appellee, sued the Baltimore and Ohio Rail Road Company in a plea of damages, by warrant issued on the 3rd of August, 1874, and returnable before a justice of the peace on the 11th instant.

The warrant was served on the 25th of August, 1874, the justice rendered a judgment of *non pros.*, and that the plaintiff pay the costs, amounting to $3.50.

From this judgment the plaintiff prayed an appeal on the 3rd September, 1874, to the Circuit Court. The appeal was docketed in the Circuit Court, summons issued, and the appellee, the Baltimore and Ohio Rail Road Company, on the 7th of March, 1876, laid a rule security for costs on the appellant.

On the 16th May, 1876, the cause was tried before the Court, and the judgment below reversed, and judgment entered for the plaintiff below, for sixty-five dollars, with interest from date and costs.

On the 17th of May, 1876, the defendant below, the Baltimore and Ohio Rail Company, moved to strike out the judgment for various reasons assigned, and to be assigned, and filed affidavits in support of said reasons.

The principal reasons relied on are, that at the time the cause was tried in the Circuit Court, there was a rule security for costs outstanding and not complied with, and that the costs which had been incurred before the magistrate were not paid.

The docket entries contained in the record show the rule laid on the 7th of March before the trial, and do not show any compliance therewith.

The affidavits filed by the appellant to show the laying of the rule security for costs, and non-compliance therewith, and the non-payment of the costs which accrued before the justice, are not controverted.

It is contended on behalf of the appellant, that the action of the Circuit Court, in proceeding to trial and judgment under these circumstances, was an exercise of

unwarranted authority,—an excess of jurisdiction, which authorizes this Court to review and reverse the judgment of the Circuit Court.

It needs no authority to sustain the position that if a Court of inferior jurisdiction assumes appellate power in cases beyond its authority, the judgment may be re-viewed and reversed in this Court. *Webster vs. Cockey,* 9 *Gill,* 92 ; *State vs. Mister,* 5 *Md.,* 11 ; *Kinnear & Willis vs. Lee & Reynolds,* 28 *Md.,* 488 ; *Mears vs. Remare,* 33 *Md.,* 249, 250 ; *Bell vs. Jones,* 10 *Md.,* 331 ; *Herzberg vs. Adams,* 39 *Md.,* 309.

Without intending to decide that such a rule can be laid in appeal cases, the omission to enforce a rule security for costs before going to trial can scarcely be regarded as an error affecting the jurisdiction of the Court below. It might have been the result of inadvertence, or waiver. And in the absence of any apparent disposition of that rule on the record, the presumption must be it was waived, as one of the attorneys of the appellant deposes the atten-tion of the Court was not called to it again before trial. *Spencer vs. Trafford,* 42 *Md.,* 18, 19.

The next objection arises from the alleged non-compli-ance by the Circuit Court of Baltimore County, with the provisions of Art. 5, sec. 50, of the Code, (as amended by the Act of 1867, ch. 164,) title "Appeals."

That section enacts "before any of the Circuit Courts of this State, or the Court of Common Pleas of the City of Baltimore, shall proceed to hear or try cases brought to their respective Courts by appeal from the judgments of justices of the peace, they shall first be satisfied that all costs incurred on the judgment and proceedings before the justice aforesaid, have been paid by the appellant."

This clause of the Code has never before been brought to the notice of this Court, as a subject of judicial construc-tion.

It is a part of a system of regulations for the exercise of the right of appeal from all decisions of justices of the

peace, in civil cases, and as such, must receive a reasonable construction consistent with that large class of cases which are daily instituted by warrant, and finally settled on appeal, by the Circuit Court, or Court of Common Pleas. Without inquiring into the constitutionality of the Act, it is obvious the object of the Legislature in requiring the prepayment of the costs before hearing or trial of the cases, was the protection of the justices of the peace, who rendered the judgment and of the officers who served the process, and not the protection of the parties.

The justices and officers were entitled to their costs from each party, however the case might ultimately be decided, but which party should finally be mulcted in costs, depended on the result of the appeal, and judgment of the appellate Court. It could not therefore have been a regard for the interests of the appellee, rather than those of the appellant, that required the latter to pay the costs before hearing, or trial, in the Circuit Court.

It is to be observed that the payment of costs is not required as a condition of the appeal, but is a condition of the hearing.

This implies that all the preliminary steps to the trial may be taken. The witnesses may have been summoned and the jury impanneled.

The appeal may be prosecuted for the single purpose of having a trial by jury, or of submitting a question of law, to Judges learned in the law.

Yet, if from any cause, either inadvertence, or inability, the appellant omits to pay the costs whether demanded or not, and the Court proceeds to hear and determine the case, whether the question of costs is presented or not, the judgment of the Court according to the argument of the appellant in this case, is "*coram non judice*" and void.

We think the mere statement of the proposition is enough to show its fallacy.

The law is directory, and to be construed as applying to cases where the non-payment of the costs is brought to the attention of the Court by the appellee.

The objection is one in the nature of a plea in abatement, or to the jurisdiction, which must be made by the party relying on it before trial, otherwise it is presumed not to exist.

It is not to be supposed the Court would "*mero motu*" arrest the progress of a case, to ascertain a fact which is altogether collateral to the merits, and may not be in their power to know.

Any other construction would enable an appellee to impose on his adversary all the expenses and risks of trial, and after judgment rendered against himself, to set it aside upon a mere technicality.

Courts of justice cannot adopt a construction so liable to abuse. The jurisdiction of the Circuit Court being ample, their judgment is final, and this appeal will be dismissed.

*Appeal dismissed.*

(Decided December 20th, 1877.)