Boynton, J.
The relief sought in the present case is against the receiver. He is in possession of the fund which is the. subject of the controversy, and which the plaintiffs claim belongs to them in virtue of their agreement with Tucker. The court of common pleas sustained a demurrer to the petition and dismissed the action for want of the statement of sufficient facts to entitle the plaintiffs to the relief prayed for, and the district court affirmed the judgment. Granting the facts stated in the petition to be sufficient to warrant the court in ordering a reasonable compensation tobe paid to the plaintiffs out of the fund iu the hands of the receiver, it is evident that the plaintiffs have misconceived the form of the remedy. The equity of the plaintiffs in the fond decreed to Tucker, which the court might have charged upon such fund, in the action iu which the services were rendered, does not lay the foundation for au independent action against the receiver. The plaintiffs have no such fixed interest in the fund, or lien upon it, as would enable them to follow it into the hands of distributees, but they sustain such a relation to it by reason of the services rendered in securing it, that a court of equity, in the exercise of its power over the fund, would be fully warranted in directing a reasonable compensation to be paid out of it. Cases not infrequently arise, in equity, where the court would be as fully warranted in decreeing compensation to be made out of the fund to be distributed to the attorneys through whose services the same was secured, as to a receiver by whom it has been preserved.
The facts stated in the petition would seem, within the principle adjudged in well considered cases, to fully justify the court in making the compensation to the plaintiffs a *584 charge upon Tucker’s share of the fund in the hands of the receiver. Ex parte Plitt, 2 Wall. Jr. 453.
The interest of Halliday, and of Rowland & Talmage, in the fund, was acquired after final decree. There right, therefore, rises no higher than that of Tucker. They stand in his shoes, and take only such part of the fund as he would have received, had no assignment of his interest been made.
But the compensation of the plaintiffs should be worked out by application to the court holding the fund, and in which the services were rendered. The fund is in the custody of the law, aud under the exclusive control of the court appointing the receiver, any unauthorized interference with which would constitute contempt. 2 Story’s Eq. Jur. § 829.
No principle is better settled, than that a right asserted against a receiver, to property rightfully in his hands, where the right to .sue in an independent action is not given by statute, must be worked out, either in the action in which the receiver was appointed, or in an independent action brought only upon leave of the court by which the apr pointment was made. Randfield v. Randfield, 3 De Gex, F. & J. 766; Russell v. The East Anglican Railway Company, 3 Mac. & G. 104; Hill v. Parker, 111 Mass. 508. Without such leave such .action can not be brought.
If an action against a receiver could be brought without leave, it might be brought in any county of the state where the defendant could be summoned, the prosecution of the action in which the receiver was appointed suspended, and the distribution of the fund delayed, until the final determination of the action against the receiver in a court of last resort. A court of equity having control of the fund never permits any interference therewith which would lead to such result. The plaintiffs should have made an application to the court whose receiver held the fund for an order for their compensation therefrom.

Judgment affirmed.

Johnson, J.
While I agree with the syllabus, and to the general propositions contained in the opinion, I object to disposing of the case upon the grounds stated.
*585 The question submitted by the demurrer and ably argued by counsel, was, do the facts stated in the petition give the plaintiffs a right in equity to payment of reasonable counsel fees out of the funds in the hands of the receiver ?
If this question was answered affirmatively, the judgments below should be reversed; and if in the negative, they should be affirmed.
This court answers it substantially in the affirmative,.and yet affirms the judgment of the court below which answered it in the negative. The ground of this affirmance is, that plaintiffs had mistaken their remedy, and could not, without leave, bring this independent action. From this action I respectfully dissent.
I agree that a receiver can not be sued in an independent action, without leave of the court appointing him, except expressly authorized by statute to do so ; and that the general rule is, that claims against him must be worked out in the action in which such receiver was appointed, or by an action brought by leave of the court in which the case is pending, wherein the receiver is acting or was appointed.
There is nothing in this record to show that such leave was not granted. After judgment it will be presumed that such was the fact.
But let us assume that such leave was not granted. This action was brought in the court in which the action was peuding, wherein the receiver was appointed. If there was any contempt of that court it did not choose to notice it. If there was any want of previous leave to sue, it was cured by that court in hearing and deciding the case upon its merits without objection. Neither did the receiver, against whom the remedy is sought; nor did Tucker, whose money was the subject of litigation; nor Hailiday, the only litigating claimant to this fund; nor counsel, who have filed an able printed argument, make the objection, now first, raised sua sponte by this court, that plaintiffs have mistaken their remedy.
This was a preliminary objection that should have been taken in the court -where the action was brought. It was *586 not made there; neither do counsel make it here. It is true that under the general demurrer the question might have been made, but we may rightfully assume that it was not, as the printed argument is solely upon the merits of the case.
As was said by Chancellor Kent in Underhill v. Van Cortlandt, 2 John Ch. 369-70: “It would be an "abuse of justice, if the defendants were to be permitted to protract a litigation to this extent, and with the expense that has attended this suit, and then at the final hearing interpose with this preliminary objection.” The present suit was brought over five years ago, and now the plaintiffs are sent out of court to begin anew, because the form of the remedy was mistaken, or because leave was not first obtained.
When the court has jurisdiction of the subject-matter as the court below had, it was competent for the parties to have submitted the question in writing, without any pleadings, and without regard to forms, and had the judgment of the court on the merits. Civil Code, § 495. It was equally competent for these parties to waive the objection that plaintiff's had mistaken their remedy, or that the suit was brought without leave, and the argument on file, as well as the record, show they have done so. At this stage of the case it should be disposed of on its merits.
These views are supported by numerous decided cases. See Culver v. Rodgers, 33 Ohio St. 537 and cases cited; Miller v. Longacre, 26 Ohio St. 298; Nicholson v. Pim, 5 Ohio St. 25; Rees v. Smith, l Ohio, 124.