WILLIAM A. MELOY *vs.* BENNETT C. SCOTT,
OFFICER OF REGISTRATION, ET AL.

*Elections and Voters—Repeal of Registration Law Pending Appeal.*

Pending an appeal from the action of registers of voters in striking appellant's name from the lists, the election law was repealed and a new system adopted, whereby a new registration was made necessary. *Held*, that since appellant's right to vote at the next election must be determined by the new, and not by the old law, he had not been injured by the ruling appealed from, even if erroneous, and the appeal must be dismissed.

Appeal from an order of the Circuit Court for Prince George's County.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*William A. Meloy*, appellant, *in propria persona*.

*Richard E. Brandt*, for the appellee, submitted the case on brief.

FOWLER, J., delivered the opinion of the Court.

The appellant claims to be a resident of Prince George's County, in this State, and that he was a registered voter of the Thirteenth Election District thereof on the tenth day of October last, when his name was stricken from the registry of qualified voters by the appellee, Bennett C. Scott, registration officer for said district. From this action of the appellee the appellant appealed to the Circuit Court for said county, but that Court affirmed the ruling of the appellee, and hence this appeal.

Subsequent to the trial of this cause below, and before it was heard on appeal in this Court, the law under which the appellant claimed the right to be registered was repealed,

and a new law has been enacted by the Legislature, by the terms of which a new registration is required to be made by new officers. Hence, by the well-settled law applicable to such a condition, the rights of the parties must be determined by the law existing when the case is heard and finally determined in this Court, and the law existing at the time the cause was decided by the lower Court must be treated as though it had never existed, except in so far as the former law is saved by express provision of the repealing law. And especially is this so when, as here, the repealing law makes sweeping changes and introduces a new system before unknown in this State. *Wade* v. *State*, 43 Md. 178 ; *Dashiell* v. *Mayor and City Council, &c.*, 45 Md. 615 ; *Keller* v. *State*, 12 Md. ; *Day* v. *Day*, 22 Md. 530 ; *Price* v. *Nesbitt*, 29 Md. 263 ; *Montague* v. *State*, 54 Md. 481.

Assuming, without deciding, that the order appealed from is erroneous, where is the injury to the appellant ? His right to vote at the next election will be determined by the new and not by the old test. Under the new law "Only persons constitutionally qualified to vote in the precinct at the next general election, and who have personally applied for registration shall be registered as qualified voters." Sec. 16, sub-sec. IV, Act of 1896, ch. 202. It is true that it is provided by sub-sec. V of the section just cited that "The board of registry shall be entitled to receive from the officers having custody thereof the last preceding registration books for the purpose of comparison and assistance in identification ; and if any one shall apply for registration who appears on such former registry as disqualified, his name shall be entered in the new registers, but he shall be marked disqualified, unless such grounds of disqualification shall have been removed." If it should be contended that the old lists now in the hands of the Clerk of the Circuit Court and prepared under the old law, are included within the provisions of sub-section V (about which we express no opinion) ; and that, therefore, they will be used by the registers under the new law, for the pur-

STATE USE OF JAMES vs. KENT CO. 377

Md.]                          Syllabus.

pose of comparison and identification, and that inasmuch as the name of the appellant will appear on the old lists as a disqualified voter, he will, therefore, as required by the Act of 1896, be marked on the new lists also as a disqualified voter, it must be remembered that the Act of 1896 also provides that such mark of disqualification is to be attached to the name of the voter on the new lists only in case "such grounds of disqualification have not been removed." But the ground of the alleged disqualification of the appellant, namely, a failure to comply with section 14 of the Act of 1896, ch. 573, has been effectually removed by the repeal of that Act, and the failure to re-enact the provisions of the section in question. It would seem, therefore, wholly immaterial whether the name of the appellant be placed upon the old registration lists or not. It did him no injury that can be redressed on this appeal to have his name stricken from those lists, nor can he derive any benefit by having it replaced. No injury having resulted from the action of the Court below, the appeal must be dismissed.

*Appeal dismissed, costs to be paid by Prince George's County.*