STEPHEN A. FALLON, Plaintiff, v. THE EGBERTS WOOLEN MILLS
COMPANY, Defendant.

GEORGE F. VIETOR and Others, Composing the Firm of FREDERICK
VIETOR & ACHELIS, Appellants; J. SHELDON FROST, Receiver of
THE EGBERTS WOOLEN MILLS COMPANY, Respondent.

*Conversion by a receiver — when he is individually liable therefor — when he may,
and when he may not, be sued without the leave of the court.*

A temporary receiver, who takes property belonging to a third person, in the
belief that it belongs to his trust, is personally liable for conversion, and may,
after a demand for the property and a refusal on his part to deliver it, be sued
by the third person as of right, without the permission of the court.

Where, however, the court, upon the accounting of the temporary receiver, to
which the third person made himself a party, makes an order directing the
temporary receiver to retain the property converted as permanent receiver, he
is entitled to the protection of the court and cannot be sued without its
permission.

APPEAL by George F. Vietor and others, composing the firm of
Frederick Vietor & Achelis, from an order of the Supreme Court,
made at the Albany Special Term and entered in the office of the
clerk of the county of Albany on the 27th day of April, 1900, stay-
ing the prosecution of an action brought by George F. Vietor and
others, composing the firm of Frederick Vietor & Achelis, against J.
Sheldon Frost, the receiver of the Egberts Woolen Mills Company,
until the final determination of a pending reference, and until the
said receiver receives instructions from the court concerning his
duties in relation to the fund in question.

In June, 1897, an action was brought to sequestrate the property
of the defendant corporation. In that action J. Sheldon Frost was
appointed temporary receiver. Prior to this time, the corporation
being indebted to Vietor & Achelis assigned to them certain out-
standing accounts and likewise consigned merchandise. This mer-
chandise was afterwards sold in the name of the corporation, but
upon the bills was marked " Payable to Vietor & Achelis." After
the appointment of the temporary receiver a little upwards of
$1,600 was received by him from the sale of these goods which had
been consigned to these appellants. This money was demanded of
the receiver by the appellants and was refused. Thereupon an
application was made to the court against Frost as receiver to compel

him to deliver over to the appellants these moneys. A reference was ordered to a referee, who reported that the appellants were entitled thereto. The action to sequestrate the property of the corporation proceeded to judgment and said Frost was made permanent receiver of the property of said corporation. He assumed to account as temporary receiver, and upon that accounting these appellants appeared and claimed these moneys. This court, however, directed him to retain them as permanent receiver. After his appointment as permanent receiver a new proceeding was started by the appellants to compel him as permanent receiver to deliver over the moneys thus received. This was resisted by the receiver and the matter was referred to the same referee to take evidence and report to the court. Pending that reference these appellants served notice of the abandonment of that proceeding and thereupon brought an action against Frost personally for this sum of $1,600 without permission of the court. In that action, brought in the first department, the receiver answered, setting up these various proceedings, and to this answer these appellants demurred. Before the argument of that demurrer this order was obtained from the Special Term in Albany county staying the proceedings of the appellants in that action until the final determination of the reference hereinbefore referred to and until the receiver received the instructions of the court concerning his duties in relation to the moneys sued for. It is from this order that this appeal is taken.

*Morris J. Hirsch,* for the appellants.

*S. J. Daring,* for the respondent.

SMITH, J.:

It seems now to be settled law that where a receiver takes property that belongs to a third party, although he may do so innocently in the belief that the property belonged to his trust, he is liable for conversion and may be sued as of right by the person whose property he has converted. (Beach Receivers [Alderson's ed.], § 663; *Hills* v. *Parker,* 111 Mass. 508; *Barton* v. *Barbour,* 104 U. S. 126; *Kinney* v. *Crocker,* 18 Wis. 74.) Under these authorities after the demand by the appellants and a refusal by the temporary receiver to deliver the moneys so received, an action against him personally might have been brought without the permission of the court. To

this action the receiver would have been compelled to respond.   He could not have shielded himself therefrom by the arm of the court.

Thereafter, upon an accounting of the temporary receiver, these appellants made themselves parties thereto and demanded this money. In that proceeding the court ordered the moneys to be retained by the permanent receiver.   It is claimed that this order is without effect on the ground that where a temporary receiver thereafter becomes permanent receiver an accounting by him as temporary receiver is not binding upon creditors not noticed.   This rule is without application in the case at bar because these creditors had made themselves parties to the proceeding.   Whether or not by this order these appellants have become estopped in any other proceeding, the property is now held by the receiver under the direction of the court without authority to dispose of the same except by its permission.   Where property comes into the hands of a court officer by an order or decree of the court, the court will protect its officer from actions at law.   In *Parker* v. *Browning* (8 Paige, 388) it is held : " If a receiver takes possession of goods under the express directions of the court, or where the master has decided that the goods are in the possession and under the control of the defendant, and has directed the defendant to deliver the possession to the receiver, the court will assume the exclusive jurisdiction of the subject, and will not suffer the receiver to be sued at law for taking such goods."   In 2 Story's Equity Jurisprudence (§ 833a) it is said : " In the next place, when such a receiver is in possession under the process or authority of the court in execution of a decree or decretal order, his possession is not to be disturbed even by an ejectment under an adverse title without the leave of the court.   For his possession is deemed the possession of the court ; and the court will not permit itself to be made a suitor in a court of law.   The proper and usual mode adopted under such circumstances is for the party claiming an adverse interest to apply to the court to be permitted to come in and be examined *pro interesse suo.*"   In section 891 it is said : " Courts of equity will not only grant an injunction restraining suits at law between parties upon equitable circumstances, but they will exercise the same jurisdiction to protect their own officers who execute their processes against any suits brought against them for acts done under or in virtue of such processes.   *   *   *

The same principle is applied to protect sequestrators in possession under a decree in a court of equity against suits brought against them ; for the court will not permit itself to be made a suitor at law, but it will examine for itself the nature of any adverse title upon application of the party. The same principle is also applied, as we have already seen, to the case of receivers."

Inasmuch then as the receiver now holds this property under an order of the court, made in a proceeding to which these appellants were parties, he is entitled to the protection of the court and cannot be attacked without permission.

The order should, therefore, be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.