## FALLON v. EGBERTS WOOLEN-MILLS CO.

(Supreme Court, Appellate Division, Third Department. December 7, 1900.)

1. RECEIVER—PERSONAL LIABILITY.

Where creditors of an insolvent claimed that funds held by the receiver belonged to them, they were entitled to maintain an action against the receiver personally, without permission of the court, on the receiver's refusal to deliver the funds.

2. SAME—TEMPORARY RECEIVER.

Where the appointment of a temporary receiver was made permanent, and on his accounting as temporary receiver the court ordered him to retain certain moneys as permanent receiver, parties who had appeared at the temporary accounting and claimed the moneys could not thereafter sue the receiver personally, without permission of the court, on the ground that when a temporary receiver is made permanent his accounting as temporary receiver is not binding on creditors not notified, the rule not being applicable to those making themselves parties to the accounting.

8. SAME.

Where the appointment of a temporary receiver is made permanent, and in his accounting as temporary receiver he is ordered to retain certain

funds claimed by plaintiffs, and a reference is directed to determine plain-
tiff's rights to the funds, plaintiff could not sue the receiver personally to
recover the funds, without the permission of the court, since, being held
under the order of the court, the receiver was without authority to dis-
pose of the money without its permission.

Appeal from special term, Albany county.

Sequestration proceedings by Stephen A. Fallon against the Eg-
berts Woolen-Mills Company. J. Sheldon Frost, receiver, applied
for an order to stay proceedings against him brought by Frederick
Vietor & Achelis. Motion granted (64 N. Y. Supp. 466), and Vietor
& Achelis appeal. Affirmed.

In June, 1897, an action was brought to sequestrate the property of the
defendant corporation. In that action J. Sheldon Frost was appointed tempo-
rary receiver. Prior to this time the corporation, being indebted to Vietor &
Achelis, assigned to them certain outstanding accounts, and likewise consigned
merchandise. This merchandise was afterwards sold in the name of the cor-
poration, but upon the bills was marked, "Payable to Frederick Vietor &
Achelis." After the appointment of the temporary receiver a little upwards
of $1,600 was received by him from the sale of these goods which had been
consigned to these appellants. This money was demanded of the receiver
by the appellants, and was refused. Thereupon an application was made to
the court against Frost, as receiver, to compel him to deliver over to the
appellants these moneys. A reference was ordered to a referee, who reported
that the appellants were entitled thereto. The action to sequestrate the prop-
erty of the corporation proceeded to judgment, and said Frost was made per-
manent receiver of the property of said corporation. He assumed to account
as temporary receiver, and upon that accounting these appellants appeared
and claimed these moneys. This court, however, directed him to retain them,
as permanent receiver. After his appointment as permanent receiver a new
proceeding was started by the appellants to compel him, as permanent receiver,
to deliver over the moneys thus received. This was resisted by the receiver,
and the matter was referred to, the same referee to take evidence and report
to the court. Pending that reference these appellants served notice of the
abandonment of that proceeding, and thereupon brought an action against Frost
personally for this sum of $1,600, without permission of the court. In this
action, brought in the First department, the receiver answered, setting up
these various proceedings, and to this answer these appellants demurred.
Before the argument of that demurrer this order was obtained from the spe-
cial term in Albany county staying the proceedings of the appellants in that
action until the final determination of the reference hereinbefore referred to,
and until the receiver received the instructions of the court concerning his
duties in relation to the moneys sued for. It is from this order that this
appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS,
MERWIN, and SMITH, JJ.

Blumenstiel & Hirsch (Morris J. Hirsch, of counsel), for appel-
lants.

Daring & Warner (S. J. Daring, of counsel), for respondent.

SMITH, J. It seems now to be settled law that where a receiver
takes property that belongs to a third party, although he may do so
innocently, in the belief that the property belonged to his trust, he
is liable for trespass, and may be sued as of right by the person
whose property he has converted. Beach, Rec. (Alderson's Ed.) §
663; Hills v. Parker, 111 Mass. 508; Barton v. Barbour, 104 U. S.
126, 26 L. Ed. 672; Kinney v. Crocker, 18 Wis. 74. Under these au-
thorities, after the demand by the appellants, and a refusal by the

temporary receiver to deliver the moneys so received, an action against him personally might have been brought without the permission of the court. To this action the receiver would have been compelled to respond. He could not have shielded himself therefrom by the arm of the court. Thereafter, upon an accounting of the temporary receiver, these appellants made themselves parties thereto, and demanded this money. In that proceeding the court ordered the moneys to be retained by the permanent receiver. It is claimed that this order is without effect, on the ground that, where a temporary receiver thereafter becomes permanent receiver, an accounting by him as temporary receiver is not binding upon creditors not noticed. This rule is without application in the case at bar, because these creditors had made themselves parties to the proceeding. Whether or not by this order these appellants have become estopped in any other proceeding, the property is now held by the receiver under the direction of the court, without authority to dispose of the same except by its permission. Where property comes into the hands of a court officer by an order or decree of the court, the court will protect its officer from actions at law. In Parker v. Browning, 8 Paige, 388, it is held:

"If a receiver takes possession of goods under the express directions of the court, or where the master has decided that the goods are in the possession or under the control of the defendant, and has directed the defendant to deliver the possession to the receiver, the court will assume the exclusive jurisdiction of the subject, and will not suffer the receiver to be sued at law for taking such goods."

In 2 Story, Eq. Jur. § 833a, it is said:

"In the next place, when such a receiver is in possession under the process or authority of the court in execution of a decree or decretal order, his possession is not to be disturbed, even by an ejectment under an adverse title, without the leave of the court; for his possession is deemed the possession of the court, and the court will not permit itself to be made a suitor in a court of law. The proper and usual mode adopted under such circumstances is for the party claiming an adverse interest to apply to the court to be permitted to come in and be examined pro interesse suo."

In section 891 it is said:

"Courts of equity will not only grant an injunction restraining suits at law between parties upon equitable circumstances, but they will exercise the same jurisdiction to protect their own officers who execute their processes against any suits brought against them for acts done under or in virtue of such processes. * * * The same principle is applied to protect sequestrators in possession under a decree in a court of equity against suits brought against them: for the court will not permit itself to be made a suitor at law, but it will examine for itself the nature of any adverse title upon the application of the party. The same principle is also applied, as we have already seen, to the case of receivers."

Inasmuch, then, as the receiver now holds this property under an order of the court, made in a proceeding to which these appellants were parties, he is entitled to the protection of the court, and cannot be attacked without permission. The order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.