# THE CHESAPEAKE AND OHIO CANAL CO. *vs.* THE WESTERN MARYLAND RAILROAD CO.

*Appeal—Judicial Notice—Right of Western Md. R. Co. to Construct Bridges over the C. & O. Canal.*

When an Act of the Legislature changes the law in a certain respect after the making of the decree appealed against, the cause on appeal must be decided according to the law as changed.

The Court will take judicial notice of an Act of the Legislature authorizing a railway company to construct bridges over the Chesapeake and Ohio Canal in which the State is financially interested.

The possession of the Chesapeake and Ohio Canal Co. was placed by a

Court of equity in the hands of trustees.  The Western Maryland R. Co. was authorized by an Act of the Legislature to extend its road to Cumberland and to condemn the easement of crossing the canal, and it filed a petition in the equity case in which the trustees of the canal company were appointed setting forth that the extended road proposed to cross the canal at seven places and asked leave to submit the plans of bridges to the Board of Public Works as required by Code, Art. 23, sec. 177, relating to the construction of bridges by railway companies. This leave was granted and the Board of Public Works after hearing the parties and the report of engineers approved the construction of certain bridges according to designated specifications.   This action was set forth in another petition to the equity Court which, against the objection of the trustees of the canal company, passed an order giving to the railroad company leave to erect said bridges subject to the payment of such damages as the canal company might sustain by reason of such construction.   Upon appeal from this order, *held*, that it was not necessary for the Court before passing the order to ascertain whether the proposed crossings, if made in conformity with the plans, would interfere with the operation of the canal; since the order merely gave to the railroad company the right to condemn property which was in the custody of the Court, and the objection that the projected bridges will obstruct the canal as a water-way must be made in the condemnation proceedings.

Appeal from the Circuit Court for Washington County (WITZENBACHER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Hugh L. Bond, Jr.,* (with whom were *Lane & Keedy* on the brief), for the appellant.

*Wm. Kealhofer* and *Benj. A. Richmond* (with whom was *Buchanan Schley* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Washington County, in equity, passed on the petition of The Western Maryland Railroad Company granting it permission to construct certain bridges across the Chesapeake and Ohio Canal.

The Railroad Company was not only duly authorized but

572    CHES. & O. CANAL vs. WEST. MD. R. CO.

Opinion of the Court.                    [99

was required by the Act of 1902, ch. 129, amending its char-
ter, to extend its railroad facilities to the coal fields of Western
Maryland.    In the discharge of this obligation it proceeded to
locate an extension of the line of its road from the terminus at
Big Pool in Washington County to the city of Cumberland in
Allegany County.    Its engineers found that the most avail-
able location for the proposed extension, was, owing to the
physical conformation of the territory to be traversed by it,
along the valley of the Potomac river.    The new portion of
the road as thus located crosses the line of the canal at seven
places which are specified in the proceedings in this case.

The Railroad Company having determined upon the places
of crossing the canal might at once have proceeded under the
provisions of sec. 177 of Art. 23 of the Code to submit the
plans of its proposed bridges, &c., to the Board of Public
Works for approval had it not been for the legal *status* of the
Canal Company and its works.    It is unnecessary for the de-
termination of its present *status* to review the history of that
somewhat famous water-way or the litigation of which its career
has been so fruitful.    That has already been done in the Canal
Company cases in 4 G. & J. 1; 73 Md. 484; 83 Md. 551, and
94 Md. 487.

It is sufficient for our purposes to say, in the language of
the opinion of this Court in the case of *Brady* v. *The Canal
Trustees*, 75 Md. 456, "All the property of the Canal Com-
pany in this State has been brought under the control and
jurisdiction of the Court (the Circuit Court for Washington
County), and the trustees hold possession under its authority
and are obligated to account to it for the faithful discharge of
the duties imposed upon them by the decree of the second of
October, 1890.    And such being the case it is well settled
both in the English and American Chancery practice that
when the proceedings are of a nature to draw to the Court the
control and possession of the property, the subject-matter of
the litigation, whether the property be real or personal, such
possession and control of the Court will not be allowed to be
displaced or disturbed without the consent of the Court even
though it be attempted under a paramount claim of right."

The Railroad Company recognizing the Courts' control over the canal filed on June 13th, 1903, an *ex-parte* petition in the pending case, in which the affairs of the Canal Company were being administered, setting forth in detail that in pursuance of its legal power and duty it had located and was about to construct the extension of its line to Cumberland and that in so doing it found it necessary to cross the line of the canal by bridges at seven specified places and had prepared plans and specifications, for each bridge and crossing, of which copies were filed as exhibits. The petition averred that all of the proposed bridges were more than 12 feet in the clear above the top of the water-line of the canal and that none of the crossings would in anywise interfere with traffic or transportation on the canal. It then prayed for the Courts' leave to submit the plans and specifications to the Board of Public Works for approval as required by sec. 177 of Art. 23 of the Code.

The leave thus prayed for was granted by an order of Court which required the Railroad Company, after having obtained the approval by the Board of Public Works of the plans for the proposed bridges and fixtures, to report to the Court for its further order before proceeding to erect the bridges in order that the Court might fix the terms and conditions upon which the bridges, piers and crossings might be erected.

The plans and specifications for the bridges and crossings having been submitted by the Railroad Company for approval to the Board of Public Works, the latter, after having notified the canal trustees and having heard them through their counsel and superintendent, selected Arthur C. Dennis, a reputable and disinterested engineer, who went upon the ground at the seven proposed crossings and met the respective engineers of the Railroad Company and the canal trustees and heard their suggestions and thereafter recommended certain changes in the plans as originally submitted. The Board of Public Works on the ninth of September, 1903, unanimously approved the proposed plans as revised by Mr. Dennis the engineer of their selection.

On October 5th, 1903, the Railroad Company filed in the Circuit Court a second *ex parte* petition setting out the filing of their former one, the submission of the plans and specifications to the Board of Public Works, the proceedings of the board thereon and the approval by them of the revised plans, and praying for the necessary permission to erect and maintain the piers, bridges and crossings over the canal at the seven places mentioned in conformity with the approved plans. To this petition the trustees of the Canal Company filed an answer denying many of its allegations and insisting that the Railroad Company was not entitled to the relief prayed for.

The grounds of the opposition set up in the answer of the canal trustees were mainly that the plans and specifications of the proposed crossings were inadequate to disclose the true character of the structures proposed to be erected by the Railroad Company, that the Board of Public Works had not given the trustees notice or a fair opportunity to be heard in respect to the crossings, and that the plans, even in the form in which they then were, showed that the proposed bridges, if erected, would obstruct, endanger and interfere with the maintenance and operation of the works of the Canal Company in violation of its rights as determined and declared by the decision of this Court in the case of the *Canal Company* v. *The B. & O. Railroad Company*, 4 G. & J. 1.

The Circuit Court on October 20th, 1903, after hearing counsel for both the Railroad Company and the canal trustees, but without taking testimony or inquiring into the facts set up by the petition and denied by the answer, passed the order from which the present appeal was taken. That order granted the Railroad Company the consent and leave of the Court to erect and maintain for railroad purposes over the Canal Company's line and property the piers, bridges, structures and crossings in conformity with the plans and specifications approved by the Board of Public Works, subject however to the payment into Court by the Railroad Company of such damages (when duly ascertained) as the Canal Company or its property may sustain by reason of the construction and maintenance of the proposed crossings.

CHES. & O. CANAL vs. WEST. MD. R. CO. 575

Md.]                    Opinion of the Court.

The rights of the parties to this appeal must be determined according to the law as it stands at the time of filing this opinion. *Montague* v. *State*, 54 Md. 481; *Hess* v. *Muir*, 65 Md. 605; *Meloy* v. *Scott*, 83 Md. 375. We must therefore in arriving at our conclusion take into consideration the Act of 1904, ch. 56, which relates to the rights now under review, even though it was enacted since the date of the decree appealed from. This Act is in so far a public one, in authorizing a condemnation of property of the Canal Company in which the State is financially interested as mortgagee or otherwise and in referring to the action of the Board of Public Works and requiring a plat of the railroad to be filed with the Secretary of State, that it is our duty to take judicial notice of it. *Brady* v. *State*, 26 Md. 290; *Day* v. *Day*, 22 Md. 530; *Towson* v. *The Bank*, 6 H. & J, 47.

The Act recites that "Whereas in the said location of its (appellee's) said line of railroad, it has been necessary for said Railroad Company to cross said canal and river going into and returning from the State of West Virginia, and said company has located seven places in Allegany County where it is necessary to cross said canal with its railroad; and in pursuance of sec. 177 of Art. 23, of the Code of Public General Laws of Maryland, said Railroad Company did make application to the Board of Public Works of Maryland for its approval of the plans of the bridges and other fixtures designed by said Railroad Company for effecting said crossings at said places, which plans, after amendment by the Board of Public Works, were approved on the 9th day of September, 1903, by it." The Act then after approving the route selected for appellee's railroad further provides "That the said Western Maryland Railroad Company be and it is hereby expressly authorized to cross, recross and bridge with its railroad the Chesapeake and Ohio Canal and the Potomac River at the places where its said railroad line has been now located and laid down upon the ground, or at such other places as shall be found to be necessary and proper for the said Railroad Company, *and to condemn all such easements of crossings*, if

necessary, and that the aforesaid action of the Board of Public Works of Maryland, in approving the said plans and fixtures of said Railroad Company for crossing the canal, be and the same is hereby ratified and approved."

The appellee, being now equipped with legislative authority to construct the line of road in question and to cross the canal at the designated places, and also with the approval of its plans for the crossings by the Board of Public Works ratified by the Legislature, it should be permitted to institute appropriate proceedings to condemn the crossings over the canal property which is under the jurisdiction and control of the Court.

The trustees contended in this Court that it was the duty of the Circuit Court before acting upon the petition of June 13th, 1903, to inquire into the facts and ascertain whether the proposed crossings, if made in conformity to the approved plans, would obstruct or interfere with the operation of the canal. They also contended that, under the compact entered into between the States of Maryland and Virginia and Congress at the time of the creation of the Canal Company as interpreted by this Court in 4 G. & J. 1, it is beyond the power of the State of Maryland either directly or by any of its agencies to authorize the construction of any bridges or crossings over the canal which will impair or injuriously affect the system of inland water transportation which was thereby put in operation.

The trustees admitted the right of railroads and highways to cross the canal property under conditions which would not hinder or obstruct the full and proper operation of the canal, but they insisted that the plans adopted for the crossings in the present case would in fact if carried out produce such hindrance and obstruction.

The questions thus attempted to be raised by the trustees do not come up for decision upon this appeal. The order appealed from was merely modal in its nature and did not affect any substantial rights. Its only operation was to relieve the appellee from the contempt of Court which would have been

involved in the institution by it, without judicial leave, of pro-
ceedings to condemn the right to cross, and for that purpose
construct bridges over the canal property which was *in cus-
todia legis.* Such orders are common and the leave of Court
which they afford is ordinarily granted as a matter of course
unless it be clear that the application for it rests upon no mer-
itorious ground. *Phelps Jur. Eq.*, sec. 89; *Gaither* v. *Stock-
bridge,* 67 Md. 226; *Hill* v. *Parker,* 111 Mass. 508.

. The Railroad Company is now entitled to proceed to con-
demn the right to cross the canal at the designated places. If
in the condemnation proceedings it be made to appear that
the proposed bridges if located and constructed upon the plans
recognized by the condemnation will constitute such an ob-
struction and hindrance to the operation of the canal as to
conflict with the compact between the States already referred
to, and the condemnation be ratified by the Circuit Court a
question of jurisdiction will be presented which can be brought
to this Court by an appeal. *Hopkins* v. *P., W. & B.R. R. Co.,*
94 Md. 257; *Geo. Creek C. & I. Co.* v. *New Cent. Coal Co.,*
40 Md. 425; *B. & O. R. R. Co.* v. *Waltemeyer,* 47 Md. 331.

The Circuit Court in our opinion committed no error in
passing the order appealed from which will be affirmed.

*Order affirmed with costs.*

(Decided June 8th, 1904.)