## SUPERIOR COURT OF BALTIMORE CITY.

Filed November 12, 1924.

JACOB WINER AND FRANK WINER, CO-PARTNERS TRADING AS J. WINER & SONS, VS. THE UNITED RAILWAYS AND ELECTRIC COMPANY

*Harry S. Kruger* and *Oliver Y. Harris* for plaintiffs.

*J. Pembroke Thom* for defendant.

SOLTER, J.—

The defendant has sought to invoke the provisions of the Act of 1924, Ch. 551, making the persons interested by subrogation, actual parties to the cause. The suit is an ordinary damage suit, arising out of the alleged negligence of the defendant, which was instituted February 9th, 1923. On February 24th, certain interrogatories were propounded to the plaintiff by the defendant upon petition, their purpose being to ascertain who is the real plaintiff. The plaintiff answered on March 1st showing that the cause of action had been assigned to the Employers' Indemnity Corporation to the extent of $250. A motion was filed for security for costs and upon contest the case went to the

Court of Appeals. On December 31st the mandate from the Court of Appeals was filed in this Court, and on January 10th, 1924, the defendant filed the general issue plea. After the passage of the Act of 1924, Ch. 551, the defendant filed four pleas of puis darrein continuance setting up this Act and alleging that as the proceedings disclosed that the Employers' Indemnity Corporation was the real party in interest, it should be made the formal party plaintiff. This is resisted by the plaintiff upon the ground that the Act of 1924 should not be given a retrospective effect. The Act is as follows: "Sec. 3. Any declaration which contains a plain statement of the facts necessary to constitute a ground of action shall be sufficient, and any plea necessary to form a legal defense shall be sufficient without reference to mere form; this to apply to replication, rejoinders and all subsequent pleadings; provided, that every action for damages wherein the judgment or any part thereof, which may be recoverable, shall inure to the benefit of any person claiming the same by reason of subrogation, shall be prosecuted in the name or names of the real party or parties in interest so claiming by subrogation; and upon petition of any defendant to said suit or action, the Court shall order any person having such right by subrogation to be made a party plaintiff."

Approved April 9, 1924.

This legislation is the outgrowth of, and has for its background the principle of law that the payment of a loss by the insurer works an equitable assignment to him of the property and all the remedies which the assured had against the wrongdoer for the recovery of its value. This right is not dependent upon, nor does it grow out of any privity of contract. It is a doctrine of equity, by which one, who being secondarily liable upon a contract, pays the debt and discharges the obligation becomes substituted to all the rights of the creditor or person against the party primarily liable. Mobile vs. Jurey, 11 U. S. 584; U. S. vs. U. S. Tobacco Co., 166 U. S. 468; Hamburg-Breman F. Ins. Co. vs. Atlantic Coast Line, 132 N. C. 548. In some jurisdictions the insurance company is held to be the real plaintiff. Marine Ins. Co. vs. St. Louis, etc., R. R. Co., 41 Fed. 643. Some States have statutes which require the suit to be brought by the real party in

interest, and in such States the subrogated party has been expressly held to be the real party in interest. Cunningham vs. Hinshaw, 139 N. C. 427; and the insurer has been held entitled to bring the suit in an instance where an employer had a right of action against a third person for injury to his employee, where the insurance company had paid the employer. Travelers' Insurance Co. vs. Great Lakes Engineering Co., 184 Fed. 426, 36 L. R. A. ns. 60.

Prior to the passage of this Act the assignee could not in Maryland bring the suit in his own name, it not being the character of action covered by the Maryland Statutes. The purpose of the Act manifestly was to bring before the Court the party entitled to the proceeds of the suit as a real party, thus giving to the defendant knowledge of his interest, and a direct consequence would be to make the subrogated party liable for costs. While the Act gives to the defendant the right to file a petition upon which the Court would order the assignee to be made a party plaintiff, the language of the statute might well be considered sufficiently broad to require the suit to be brought in the first instance in the name of such person entitled to subrogation. It is a mandatory statute, in that it directs that the action "shall be prosecuted in the name or names of the real party or parties."

By a reading of the enacting clause it will be seen that the statute applies to *pleadings*. It repeals Section 3 of Article 75 of Bagby's Annotated Code of Maryland, titled "Pleadings, Practice and Process at Law," sub-title "Pleadings," and re-enacts the same with amendments. Beside this, the very obvious purpose of the Act is to change the law with reference to pleadings and it makes no change in substantive law. This being the case, it is unnecessary to examine the law as to prospective or retroactive operation of statutes dealing with and changing substantive law. The rules as to this class of statutes are entirely different from statutes merely changing procedure.

In 27 Halsbury's Laws of England 161, with a vast number of authorities, the following rule is stated: "An enacting clause which affects procedure only is retroactive; for it deals with the mode in which a right of action already existing shall be asserted, and creates no new right of action." And in 25 R. C. L., page 939, the principle is thus stated: "A repealing statute, so far as it provides for a change in procedure, applies to actions pending. No one can claim to have a vested right in any particular mode of procedure for an enforcement or defense of his rights." While a repealing statute may not impair the obligation of contracts, the obligations of a contract are not impaired by limiting or altering the procedure for its enforcement, provided that a remedy is not withdrawn, and in 36 Cyc. 1216, as follows: "Such enactments also as do not affect the nature of the remedy, but apply solely to incidents of procedure, such as pleadings, * * * unless the contrary is expressed are applicable to all proceedings taken in pending actions from the time they take effect."

In Maryland, while the exact point has not been adjudicated, the Courts have gone a great deal further, and have repeatedly ruled that where the Legislature changes the law *pendente lite*, cases pending, even on appeal, must be passed upon according to the new law. C. & O. vs. Western Md., 99 Md. 570 (condemnation of easements for crossing C. & O. canal). Meloy vs. Scott, 83 Md. 375 (change in Election Law); Turner vs. Bryan, 83 Md. 373 (change in Election Law); Wade vs. St. Mary's, 43 Md. 178 (condemnation); Annapolis vs. State, 30 Md. 112 (ratification of Acts of City of Annapolis); Day vs. Day, 22 Md. 530 (prohibiting patents to land covered by navigable waters).

When the lower Court properly rejected a witness who was made competent pending appeal, the Court of Appeals remanded the case for further proceedings. Cunningham vs. Dwyer, 23 Md. In Duckworth vs. Duckworth, 98 Md., the Court considered the removal of the qualification of a party to the suit as a witness applied to pending litigation, in that it permitted a party to testify, the testimony being taken after the passage of the statute. The statute was not in effect when the suit was brought. No rule or principle is stated in the opinion, it being apparent that the Court considered the statute applied to trials, and that at this particular trial the witness was therefore competent. See also Price vs. Nesbitt, 29 Md. 266 (extending right of re-

moval); State vs. Norwood, 12 Md. 177. It might well be noted that if there exists any doubt regarding the rule and construction involved, the new law prescribes, not that cases covered by the Act shall be *instituted*, but "shall be prosecuted in the name or names of the real party or parties in interest so claiming by subrogation." The legislative intent is obvious that the real claimants should not be concealed behind the nominal plaintiffs.

The demurrer to the pleas will be overruled.