## HARTFORD FIRE INS. CO. v. UNION GRADED SCHOOL DIST. NO. 73, OF GARVIN COUNTY.

No. 16751—Opinion Filed March 9, 1926.

Withdrawn, Corrected, Refiled, and Rehearing Denied Sept. 14, 1926.

(Syllabus.)

1. **Insurance—Fire Policy—Construction— Forfeiture not Favored.**

Provisions in a fire insurance policy are always construed so as to prevent a forfeiture, if such provisions will reasonably admit of such a construction.

2. **Same—School District Property—Merger of District Into Union Graded District as not Effecting Material Change in Title of Property.**

Where a policy of insurance against fire loss is issued to common school district No. 29, and thereafter and prior to the destruction of the insured property by fire, the said common school district is merged under the law into a union graded school district, composed of two other contiguous school districts, and the insured property continues to be used for the same purpose as before. held, there is not such a change in title or interest as would forfeit the policy so issued.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Union Graded School District No. 73, of Garvin County, against the Hartford Fire Insurance Company to recover upon a fire insurance policy. Judgment for plaintiff, from which defendant appeals. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

RILEY, J. This action was begun in the district court of Garvin county by union graded school district No. 73, against the Hartford Fire Insurance Company to recover upon a fire insurance policy, alleged to have been issued by said company to school district No. 29, Garvin county, Okla., insuring a school building and contents which was destroyed by fire on February 16, 1924. The cause was tried to a jury upon the evidence submitted by the plaintiff; the defendant company introduced no evidence. The questions submitted for the jury's determination were, first, whether or not there had been a voluntary surrender for cancellation of the policy sued upon; and, second, whether there had been a change in the title, ownership, or possession of the insured property, such as increased the hazard and risk under the terms of the policy.

Facts disclosed by the record are as follows:

On August 5, 1922, there existed as a municipal subdivision of Garvin county, school district No. 29, known as Robberson school district. This school district had completed building a new school, and Tom Foster, as agent of plaintiff in error, wrote a policy of insurance against fire on the school building and contents in the sum of $6,000, insuring the property for three years, on which a premium of $264.65 was paid. The school board directed the agent to deliver the policy into the custody of the First National Bank

of Pauls Valley, but the facts are that the policy was never so delivered, either to the bank or to the school board, but retained by the agent of defendant, Tom Foster. There was considerable delay on the part of the school board in paying the premium, and Foster, agent, on October 14, 1922, wrote the clerk of the school board relative to the filing of his claim for the insurance premium and suggested that- he, Foster, keep the policy in his safe and "keep up" with the expiration. On December 22, 1922, the school board issued its warrant to Foster, agent, paying the premium.

No request was made by the company to cancel the policy and no notice was given by Foster, as agent, of intention to cancel the policy, unless it can be said that Foster gave this notice by a letter, a carbon copy of which was introduced in evidence as defendant's exhibit on cross-examination, the letter being dated October 21, 1922, in the following words:

"Sometime ago I mailed you a claim for the premium on the insurance policies covering your schoolhouse. To date I have not received same, and the good company is demanding of me the money. If you do not have funds on hand at present to take care of this, I am going to suggest that you return the policies in order that I may square myself with the company.

."Inclosed you will find stamped envelope; please send warrant or the policies by **return mail.**"

The members of the school board each denied receiving this letter. The insured property was totally destroyed by fire on February 16, 1924. After the fire Foster wrote another policy of insurance upon the property in the Home Insurance Company for the same amount and mailed the said policy to the school board. This policy was fraudulently predated. The school board was not a party to this transaction. Foster then sought to assist the board in securing an adjustment with the Home Company, but the fraudulent acts came to knowledge and the board immediately renounced any right of recovery against the Home Insurance Company, and as soon as the policy of the Home Insurance Company arrived by mail the board returned the same to Foster as agent. It also appeared that Foster, as agent of defendant company, at an undated time, made an entry in his records to the effect that the policy of the defendant company issued August 5, 1922, had been canceled and that Foster had taken credit on October 31, 1922, with his said company for the amount of said premium of $264.65, as

was the custom in the event of a policy duly canceled.

The policy was not produced in the trial, but the terms and conditions thereof were agreed upon and are set out in the record.

It further appeared that on June 18, 1923, school district No. 29, together with school districts No. 40 and No. 67, were merged into union graded district No. 73, pursuant to law.

Judgment was rendered in favor of plaintiff and against the Hartford Fire Insurance Company in the sum of $5,728.50.

To reverse the judgment counsel for the insurance company contend that where there is a change of interest, title and possession of the property insured, between the date of issuance of the policy and that of the fire, there can be no recovery on the policy, and that by the merging of school district No. 29 into union graded district No. 73 such a condition herein arose.

No cases are cited wherein payment of an insurance policy upon public property is avoided upon the ground of a change of interest and title, and we are unable to find any. The officers of the school district are but trustees of the property of a municipal subdivision represented by them, and their rights of management of the property are circumscribed by restrictions relative to the public use of the public property. The property is owned by the public and the addition of new territory and the substitution of new trustees under the law relating to a coalition of common school districts in the formation of a union graded school district, in our judgment, does not so change ownership and possession of the property here involved as to defeat liability under the policy here issued for a valuable consideration. The building insured continued to be used for the same purpose and the ownership remained in the public.

Provisions in a fire insurance policy are always construed so as to prevent a forfeiture, if such provisions will reasonably admit of such a construction. Cronenwett et al. v. Iowa Underwriters of the Dubuque Fire & Marine Insurance Co., et al. (Cal. App.) 186 Pac. 824.

26 C. J. 231, announces the underlying reason for the rule:

"The object of conditions against change in title or interest is to provide against changes which might furnish a motive to destroy the property or diminish the interest and watchfulness of insured in protecting it against fire, and dealings with the property which are not calculated to produce such an

effect will not avoid the policy. A change of title or interest, therefore, which is not real and substantial, but is merely colorable or nominal, the ownership remaining the same in fact, is not a violation of such conditions."

In Wiley v. London & Lancashire Fire Ins. Co. (Conn.) 92 Atl. 678, it is said:

"A change which will avoid a policy must result in an actual, real, and substantial change in the condition of the title, interest, or possession of the property. If the change be not in the fact of title, but only in its evidence, if the change invest the grantee with a mere paper title, it will not work a forfeiture."

In Ayres v. Hartford Fire Insurance Co. (Iowa) 85 Am. Dec. 553, it is said:

"But if the real ownership remains the same—if there is no change in the fact of title, but only in the evidence of it, and if this latter change is merely nominal, and not of a nature calculated to increase the motive to burn, or diminish the motive to guard, the property from loss by fire, the policy is not violated." Cone v. Century Fire Ins. Co. (Iowa) 117 N. W. 308; Weigan v. Council Bluffs Ins. Co. (Iowa) 73 N. W. 862; Cronenwett et al. v. Iowa Underwriters of Dubuque Fire & Marine Insurance Co. et. al. (Cal. App.) 186 Pac. 824.

The clause agreed upon relative to avoiding the policy for change of interest is as follows:

"This entire policy, unless otherwise procured by agreement indorsed hereon or added hereto, shall be void if the insured * * *; or if the interest of the insured be other than unconditional and sole ownership; * * * or if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise. * * *"

It is next contended that the evidence of plaintiff affirmatively showed that the policy herein was issued on August 5, 1922; that the premium was not paid on said date, and on October 14, 1922, and again on October 21, 1922, the agent, Foster, demanded the premium and in the latter letter advised the board to either send the warrant or return the policy for cancellation; that Foster, agent, canceled the policy in October and entered on his record the flat cancellation as of September 15, 1922, and forwarded the policy to the company; that this evidence is undisputed, and that under such circumstances, the policy having been surrendered to the agent with the knowledge on the part of the assured that the purpose of the agent

in accepting the policy was to cancel it, it is bound by such cancellation and the five days' notice provided in the policy for cancellation was thereby waived.

The facts relied upon in this issue are not borne out by the record. The letter last mentioned was brought forth in defendant company's cross-examination of their agent, and the plaintiff had the right, under the circumstances, and did, in fact, show that the letter was not received by the plaintiff below, nor does it appear that the policy was sent in to the company for cancellation, nor was the policy shown to be surrendered to the agent with knowledge on the part of the assured that the purpose of the agent in accepting the policy was to cancel it. We rather believe that counsel in their zeal have made these deductions from the vague and "willy nilly" answers in the testimony of Foster, agent, and largely from his cross-examination, for Foster in his effort to conceal his fraud and misdeeds was, to say the least, a versatile witness.

It is next contended that the court committed error in giving instructions Nos. 1, 3, and 4, in that it was the court's duty to pass upon the questions of law and not to submit the same to the jury. Counsel admit that instructions Nos. 1 and 3 set forth the law, and under our view of the case, the giving of the instructions was not error, and the jury having by its verdict determined the facts against the contentions of plaintiff in error, and the trial court having approved the findings, such error, if any, was harmless. We have examined the instructions, and find that they correctly state the law applicable to the case.

The judgment is affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 26 C. J. p. 198 §241; 14 R. C. L. p. 926 et seq.; 3 R. C. L. Supp. p. 317; 4 R. C. L. Supp. p. 931; 5 R. C. L. Supp. p. 787. (2) 26 C. J. p. 231 §281.