## KORNFELD et al. v. FARRIS et al.

No. 17026—Opinion Filed June 22, 1926.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Time for Petition to Review Decisions.**

Section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 8, provides for a review in the Supreme Court of an award or decision of the State Industrial Commission, and under such provision said action for review must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

**2. Same—Dismissal of Petition Filed After 30 Days.**

The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award of the Industrial Commission has been sent to the parties affected, the action will be dismissed.

Action to Review an Award of State Industrial Commission.

Action by A. L. Kornfeld and others against T. H. Farris and others to review an award made by the State Industrial Commission awarding compensation. Dismissed.

E. M. Connor, for petitioners.

Fair & Crouch, for respondents.

Fred Hansen, Asst. Atty. Gen., for Industrial Commission.

PER CURIAM. This is an action to review an award of the State Industrial Commission. The petitioner served notice on the respondent that he would "appeal" from the award of the Industrial Commission within 30 days from the 4th day of November, 1925, the date of the award, and notice thereof.

The action was filed in this court on the 5th day of December, 1925, and respondent filed his motion to dismiss the same on the ground that said action was not filed within the time required by section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 8.

This section provides for a review by the Supreme Court of an award or decision of the State Industrial Commission, and under such provision said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

The statutory period of 30 days in which to lodge the action in this court expired at the end of the 4th day of December, 1925, hence, as the same was lodged in this court after the time for filing said cause had expired, this court could not acquire jurisdiction to review the award. See Knowles v. Whitehead Oil Company et al., 121 Okla. 247 Pac. 653.

The cause is dismissed.

Note.—See under (1) Workmen's Compensation Acts C. J. p. 119 §123. (2) Workmen's Compensation Acts C. J. p. 119 §123. See under (1,2) anno. L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 5 R. C. L. Supp. p. 1579.