HURLEY v. STATE HIGHWAY COMMISSION et al.

*96 P. 2d 301.*

No. 29349.   Nov. 21, 1939.

E. G. Avery and Felix Church, both of Miami, for petitioner.

Roland O. Wilson, of Oklahoma City, for respondents.

PER CURIAM.   On the 15th day of June, 1939, the State Industrial Commission entered an order denying an award to William K. Hurley. On the 14th day of July, 1939, petition for review, together with certified copy of the order denying the award and the certificate of bond, was filed in the Supreme Court, and therein it is stated that a copy of said order denying the award was sent to the parties affected, by the State Industrial Commission on the 16th day of June, 1939. A motion to dismiss has been filed for the reason that section 3, ch. 72, S. L. 1939, effective March 2, 1939, provides that a proceeding to review said award must be commenced within 20 days after a copy of the award has been sent to the parties affected. The motion is not contested. It will be noted by the amendment of section 13363, O. S. 1931, 85 Okla. St. Ann. § 29, the Legislature provided that the proceeding must be commenced within 20 days after a copy of such award or decision of the State Industrial Commission has been sent by the said commission to the parties affected instead of the 30 days originally provided. In Smith & Leslie v. State Industrial Commission, 143 Okla. 172, 288 P. 347, a decision of the court construing the former provision, it was held that this court was without jurisdiction to consider the proceeding where the petition had been filed after the time limit set therein had expired, and upon proper motion the proceeding would be dismissed. See, also, Mosley v. Kiowa Lumber Co., 126 Okla. 279, 259 P. 210; Kornfeld v. Farris, 121 Okla. 58, 247 P. 655.

The petition filed in this court to review the order denying the award made by the State Industrial Commission on the 15th day of June, 1939, not having been filed within the 20 days period as provided by the amendment to section 13363, supra, the proceeding must be, and the same is hereby, dismissed.

BAYLESS, C. J., and OSBORN, GIBSON, HURST, and DANNER, JJ., concur.