**GULF INSURANCE COMPANY, DALLAS, TEXAS, Plaintiff in Error,**

v.

**F. Paul THIEMAN, Jr., Trustee of the Estate of Robert Eugene Nicholson, Bankrupt, Defendant in Error.**

No. 38827.

Supreme Court of Oklahoma.

Aug. 9, 1960.

Rehearing Denied Sept. 21, 1960.

Application for Leave to File Second Petition for Rehearing Denied Nov. 1, 1960.

Trower & Ferguson, Steven E. Smith, Tulsa, for plaintiff in error.

Charles H. Froeb, Tulsa, for defendant in error.

BLACKBIRD, Justice.

This appeal arose out of an action to recover $1,500, with interest, on a fire insurance policy issued October 6, 1954, by plaintiff in error to Robert Eugene Nicholson and Edith M. Nicholson, his wife, covering a dwelling the insured couple then owned. The policy was thereafter extended, by endorsement, until its anniversary date in 1957. On its face the policy specifically insured the Nicholsons "and legal representatives", but it also contained the following provision: "Assignment of this policy shall not be valid except with the written consent of this Company."

Mr. Nicholson filed his voluntary petition in bankruptcy in Federal Court during March, 1957. In the bankruptcy proceedings thus instituted, Nicholson was adjudged a bankrupt and defendant in error was appointed, and qualified, as his trustee in bankruptcy during April of the same year. Approximately two months later, or in June, 1957, fire caused what is referred to as a "total direct loss" of the insured property.

After defendant in error, hereinafter referred to as "plaintiff", or "trustee", instituted the present action against plaintiff in error, hereinafter referred to as "defendant", or "insurer", trial by jury was waived, and it was stipulated, in addition to most of the above facts, that upon the plaintiff's appointment and qualification as Mr. Nicholson's trustee in bankruptcy, he became vested, by operation of law, under 11 U. S.C.A. § 110, with title to all of Nicholson's non-exempt property, including all of his right, title and interest in the above-mentioned dwelling. In its answer, defendant, with obvious reference to the above facts and quoted provision of the policy, alleged, among other things, in substance, that, because of the transfer and assignment of the insured property to plaintiff, and the change of interest thereby effected, prior to the fire, it was not liable to plaintiff. Thereafter, defendant also filed a combined demurrer and motion for judgment on the basis of the agreed facts. Upon trial, the court overruled this pleading, ordered the case submitted on briefs, and thereafter rendered judgment on the insurance policy for plaintiff, specifically finding, in substance, that despite the policy's above-quoted provision that an assignment of it would not be valid unless consented to in writing by the insurer (defendant) the subject assignment to plaintiff was merely one by operation of the federal bankruptcy law and was not within the contemplation of that term as used in said policy provision; that such transfer to said trustee in bankruptcy involved "no increase in * * * moral hazard * * *"; and that the policy's said restrictive provision "is a representation, not a condition of liability * * *".

For reversal, defendant urges the following single proposition:

"A change in ownership of property covered by a standard form fire insurance policy without the written consent of the insurance company to assignment of the policy invalidates the policy and the insurance company is not liable for fire loss occurring *after* such change in ownership. And this rule of law applies where the ownership of the property is passed to a duly appointed, qualified and acting trustee in bankruptcy for the benefit of creditors before the loss occurs."

It fails to demonstrate, however, that the effect, attributed by the first above-quoted sentence to this "change in ownership" of the property, is a "rule of law" like it is characterized in the second sentence of the quoted proposition, or that, even so, it applies to the situation presented in this case.

Defendant recognizes that the policy's hereinbefore quoted provision concerning assignment is in the form prescribed by

Oklahoma Statute (Title 36 O.S.1951 § 244.1) which is different from the one contained in the 1918 New York Standard form, that is now no longer the statutory form in that State or this one, but its argument fails to recognize that this difference has any significance in a situation like the present one. Defendant quotes the previous standard provision as stating that the "Entire policy is void; * * * (d) if *any change,* other than by death of insured, takes place in *interest, title, or possession* of property, except change of occupants without increase of hazard." (Emphasis ours); and cites many authorities concerning policies with similar provisions, but fails to demonstrate how this applies to a case like the present, where the policy purports to require no more than that the company's consent be obtained for an *assignment* of the policy. The question here is not whether, by reason of plaintiff's becoming Nicholson's trustee in bankruptcy, there has, under the hereinbefore cited provision of the Federal Bankruptcy Act (11 U.S.C.A. § 110), been a transfer or change in the "interest, title or possession" of Nicholson's non-exempt property—but whether or not such transfer or change has effected an "assignment" of the policy sued on within the meaning of that term as used in said policy's hereinbefore quoted provision. The only case we have found cited in defendant's brief, or appearing in its quotations from reference books or texts that might furnish a basis for its position is Starkweather v. Cleveland Ins. Co., 22 Fed.Cas. page 1093, No. 13,309, wherein a Federal Circuit Court in Ohio reversed the decision of a Federal District Court, whose opinion appears at 22 Fed.Cas. page 1091, No. 13,308. According to the cited memorandum of the Circuit Court's opinion, it held, among other things: "That at common law the termination of all interest of the insured in the property, defeated the policy; * * *". Such a statement, or holding, was not a necessary part of said court's decision, as the court there also held:

"That a transfer to an assignee in bankruptcy was within the terms of that provision of the policy which declared that * * * (it) * * * should be void in case of *any* change or transfer of the title to the property insured." (Emphasis ours.)

That the so-called "assignment" by operation of the Bankruptcy Act is not of the kind usually referred to when that term is used is clearly demonstrated by consideration of some of its features mentioned in the lower court's opinion in the Starkweather case, supra. One obvious difference between an ordinary assignment effected by act of the assignor, and the assignment which occurs by operation of law under the Bankruptcy Act, is that the latter affects the title, not only of the insurance policy, but also of the property insured, if it is non-exempt.

In addition to the provisions hereinbefore quoted, the policy involved in this case contains several paragraphs called a "Standard Mortgage Clause", in which it is provided, among other things, that " * * this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated * * * by any change in the title or ownership of the property * * *". It does not appear that there is a mortgage, or other lien, on the insured property, that would bring this provision into operation, but we think the mere existence of such a provision in the policy form is some indication that it was not intended to be void, *at all events,* or *under all circumstances,* if a change in the title or ownership of the insured property occurred.

The case of American Alliance Ins. Co. of N. Y. v. McCallie, Okl., 319 P.2d 295, cited by defendant, is clearly distinguishable from the present one, and we do not think the characteristics of a fire insurance policy, therein recognized, are any obstacle to upholding the trial court's judgment here.

The bankruptcy of an insured is a special situation governed by special laws. When

it occurs, the principles which would otherwise govern liability on an insurance policy may not always apply; and an insurance contract, like other contracts, must be presumed to be entered into with the knowledge that, if bankruptcy occurs, the rights of the contracting parties will be subject to the special laws that govern that situation.

In view of the foregoing, and of the rules governing the construction of insurance policies (Hartford Fire Ins. Co. v. Union Graded School Dist. No. 73 of Garvin County, 121 Okl. 246, 249 P. 345; Great Southern Life Ins. Co. v. Jones, 10 Cir., 35 F.2d 122) we hold that the subject policy's hereinbefore quoted provision did not apply to the so-called "assignment" of the policy under 11 U.S.C.A. § 110, and that the trial court was correct in so holding. The judgment of that court is therefore affirmed.